STATE SAVINGS and TRUST CO., Plaintiff in Error, v. T. F. KINSOLVING and PETER COBBLE, Defendants in Error.

Springfield Court of Appeals, December 22, 1916.

1. CARRIERS: Bills of Lading: Transfer With Endorsement: Without. A bill of lading is negotiable (Sec. 11956, R. S. 1919) and it may be transferred by endorsement in writing (Sec. 11957, R. S. 1909). But bills of lading are transferrable without endorsement for value and carry with them the property in the goods they cover.

2. ———: ———: Transfer: Rights Under. Defendant bank agreed in advance to furnish price of lumber and take bills of

lading as security. It became the owner of the bills of lading as soon as they were issued on delivery of the lumber rather than when the draft was paid to the seller by another bank. So that the lumber could not be subsequently attached as the property of the consignee.

3. ———: ———: ———: When **Title Passes Under.** The seller of certain lumber shipped to a buyer retained the bills of lading to keep the title until payment by a certain bank. Under agreement with the buyer that such bank was to pay for the lumber and take the bills of lading as security, the bills of lading were sent to a second bank. When title to the lumber passed to the buyer from the seller it also passed to such second bank through said bills of lading and such lumber could not be attached as the property of the buyer.

Error to Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Tribble & Byrkit* for plaintiff in error.

ROBERTSON, P. J.—The plaintiff in error filed an interplea for two carloads of lumber attached by plaintiff in a case of defendants in error against N. A. Webster instituted in the court of a justice of the peace. The interpleader prevailed in the justice court, the defendants in error appealed to the circuit court and the result of a jury trial there was in favor of the defendants in error and the interpleader brings the case here by writ of error.

A firm, Highfill Brothers of Hollywood, Dunklin County, agreed to sell to said Webster, of Texarkana, Arkansas, the said lumber and deliver the same to the St. Louis & Southwestern Railroad Company at Cowee Switch near Hollywood. It seems that payment was contemplated by attaching draft to bill of lading, but Highfill Brothers being unwilling to dispose of the lumber in this way, acting through a manager, George Ray, had the bank of Hollywood, before the lumber was loaded, telegraph the interpleader at Texarkana and ascertain if the draft would be paid and the interpleader answered

that it would pay the draft. The next day the lumber was loaded, the bill of lading issued and the lumber consigned to Webster. The Bank of Hollywood paid the draft. Shortly before, or after, the draft was paid the defendants in error attached the lumber on a debt due then from Webster.

That action was by mistake brought against the wrong defendant, but afterwards it was dismissed and this action brought over one month after the levy. The lumber was held at Hollywood until after the second suit was brought and was again levied upon, and then the interplea was filed. The trial of the interplea resolved itself into a contest as to when the real levy took place and the instructions are conflicting. The defendants in error claimed that the first attachment was levied before the Bank of Hollywood paid the draft, and that by an agreement with the interpleader the new suit was no more than a continuation of the old suit. The interpleader contended the defendants in error must rely on the new attachment and that as it was subsequent to the Bank's payment of the draft the interpleader had the paramount title.

The trial of the case covered many issues not necessary to discuss. If at the time the bill of lading was issued the interpleader was and is now entitled to the possession of the lumber all other points are eliminated from the case.

By section 11956, Revised Statutes 1909, bills of lading are made negotiable and section 11957 provides that they may be transferred by indorsement in writing, yet they are transferable without endorsement for value and then carry with them the property in the goods they cover. [Scharff v. Meyer, 133 Mo. 428, 449, 34 S. W. 858.] A general discussion and citation of cases on the method of transfer of bills of lading and the effect it has on the title to the property shipped will be found in 4 R. C. L. 30, *et seq.,* sections 34 and 35.

If the interpleader became the owner for value of the bill of lading when it was issued then the question of when the levy was made would be immaterial, because the defendants in error do not claim the first levy was

made until after the lumber was delivered to the railroad and the bill of lading was issued. The contention of defendants in error that the right of possession did not pass to the interpleader until after the draft was paid by the Bank of Hollywood cannot be upheld, since the obligation to pay the draft became binding on the interpleader as soon as Ray delivered the lumber to the railroad company and prior to that time, as the undisputed testimony shows, the interpleader had agreed with Webster to advance the price of the lumber and take the bills of lading as security therefor. Two days thereafter Webster gave his notes to the interpleader and pledged the lumber as security therefor. Of necessity defendants in error concede the title to the lumber passed to Webster when it was delivered to the railroad company, and the bills of lading issued, but the vendor of this lumber retained possession of the bills of lading, so as not to part with title to the lumber, until he took the bills of lading to the bank and received the money thereon. These bills of lading were then forwarded to the plaintiffs in error. In this way, at the instant the title to the lumber passed from the vendor to the purchaser, Webster, it also passed to the interpleader by virtue of the bills of lading. If defendants in error attached the lumber prior to that time the lumber belonged to the vendor and if subsequent then to the interpleader. The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff in error.

*Farrington* and *Sturgis, JJ.,* concur.