## FIRST NATIONAL BANK OF ROSWELL, N. M., v. McCLAIN, ADAMS & CO.
### (No. 1280.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 11, 1926.)

1. **Carriers** ⊚⇒58—**Attachment of interstate shipment of hay held void.**

Where interstate shipment of hay was attached by creditor of shipper while in possession of railroad, and after shipper had sold bill of lading with draft on consignee attached to plaintiff bank, such attachment was void under Barnes' Federal Code, § 8000 (U. S. Comp. St. § 8604*l*), relative to attachment or levy on goods for which order bill issued.

2. **Carriers** ⊚⇒70—**Sale of bill of lading held to transfer title and possession.**

Shipper of interstate shipment of hay, by selling and indorsing bill of lading, with sight draft on consignee attached, to bank, transferred title to hay and possession thereof to bank.

Appeal from Nacogdoches County Court; A. T. Russell, Judge.

Action by McClain, Adams & Co. against R. E. Levers & Co., in which attachment sued out by plaintiff was levied on a car of hay, whereupon the First National Bank of Roswell, N. M., filed its claimant's oath and bond. From a judgment in favor of plaintiff, claimant appeals. Reversed and rendered.

Hodges & Greve, of Nacogdoches, for appellant.

Adams & Moore and J. W. Bates, all of Nacogdoches, for appellee.

WALKER, J. R. E. Levers & Co. of Roswell, N. M., sold to G. E. Parmley, of Nacogdoches, Tex., one carload of alfalfa hay, f. o. b. Nacogdoches, at an agreed price of $392.54. The hay was to be shipped on an order bill of lading with right of inspection by Parmley. On the 17th of August, 1923, immediately after the shipment was made, R. E. Levers & Co. sold the bill of lading to appellant herein for value received, and, in due course of trade, duly indorsed the same and delivered possession thereof to appellant. At the same time R. E. Levers & Co. transferred and delivered to appellant its sight draft on Parmley for the sum of $392.54, which draft was attached to the bill of lading. Appellant then forwarded the bill of lading with the draft attached to the Stone Fort National Bank at Nacogdoches.

Appellees, in a suit they had in justice court at Nacogdoches against R. E. Levers & Co., sued out an attachment which they caused to be levied upon the car of hay on the 27th day of August, 1923, levying on the hay as the property of R. E. Levers & Co. After this proceeding was taken, the railway company, which was holding the hay in its possession under the attachment, refused to permit inspection of same by Parmley, and Parmley refused to pay the draft.

Appellant then filed its claimant's oath and bond, under which the hay was surrendered into its possession. Issues were duly tendered, and upon a trial to the court without a jury judgment was entered in favor of McClain, Adams & Co., and the court found for the amount of their claim against R. E. Levers & Co.

[1] Appellant alleged that the hay was an interstate shipment, and specially pleaded section 8000, Barnes' Federal Code (U. S. Comp. St. § 8604*l*), which is as follows:

"*Attachment or Levy upon Goods for Which Order Bill Issued.*—If goods are delivered to a carrier by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner, and an order bill is issued for them, they cannot thereafter, while in the possession of the carrier, be attached by garnishment or otherwise or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation enjoined. The carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court."

[2] Under this section of the Federal Code, the attachment proceedings were void, and should have been so decreed by the trial court. By selling and indorsing the bill of lading and the attached draft to appellant, R. E. Levers & Co. transferred the title to the hay and the possession thereof to appellant. As we understand the authorities, this is the construction given by the courts to the cited section. State Savings & Trust Co. v. Kinsolving, 195 Mo. App. 326, 190 S. W. 379; Brimberg v. Hartenfeld Bag. Co., 89 N. J. Eq. 425, 105 A. 68; Burdg v. Scott, 111 Kan. 610, 208 P. 668; Bank v. Holloman, 86 Okl. 246, 208 P. 791; Salant v. Penn. Ry. Co., 188 App. Div. 851, 177 N. Y. S. 475.

The judgment of the court below should be reversed and here rendered for appellant; and it is so ordered. Reversed and rendered.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes