ALICE B. BLACK, respondent, *v.* JOHN H. BLACK ET AL., appellants.

DIVORCE — *A chancery proceeding in all save trial by jury of the main issue — Alimony, custody of children and costs wholly rest with the court.*

Proceedings for divorce constitute a chancery case, differing only in that the law requires a trial by jury if defendant appears and denies allegations of the complaint.

The court alone, as chancellor, is responsible for the decree as to alimony and custody of the children. He may refer special issues to jury, and may adopt, alter or reject their findings.

In divorce, as other cases, the proof and judgment must correspond with allegations of pleadings; but on appeal cases, where no evidence is before the court, it will be presumed that the instructions of the court below were based upon competent testimony.

In a divorce proceeding the court may decree that a person other than the husband shall pay over alimony, upon proof of conspiracy and conversion of wife's money by such third person, made party to a suit.

No interest is collectible on such claim unless it has been alleged and proved to have been withheld by a vexatious delay.

Costs are always in the discretion of a court; and if a third party intrudes into a divorce case for his own ends, he may be taxed to pay the costs.

*Appeal from First District, Gallatin County.*

HENRY N. BLAKE and A. M. CASTERLINE, for appellants.

1. Respondent brought this action to obtain a divorce from appellant John H. Black, and also alimony. The complaint alleged that respondent had inherited certain property from her father before her marriage; that appellant John H. Black put the proceeds thereof into money, and that the same was invested in certain real and personal property in Gallatin county in the name of appellant David Black, to defraud plaintiff.

2. The court erred in giving instructions numbered 10 and 11, and appellants excepted to the same as not law, and misleading. Under the complaint, appellant could only obtain a divorce upon the ground that John H. Black had been guilty of extreme cruelty, and the testimony must be confined to the acts of said John H. Black which are specified in the complaint. The jury were instructed, in instruction 10, that they could consider whether the mere fact of John H. Black and respondent being in the same family with David Black and Samuel Black was extreme cruelty. The decisions are uniform that such cruelty is conduct which endangers the life or health of the complainant, and renders cohabitation unsafe and intolerable. There must be reasonable ground to apprehend danger to life, limb or health. 1 Bishop on Mar. and Div. (4th ed.) secs. 715, 719, 722; id. secs. 728, 729, and cases cited; *Morris* v. *Morris*, 14 Cal. 76; *Powelson* v. *Powelson*, 22 Cal. 358; *Eidenmuller* v. *Eidenmuller*, 37 Cal. 364; *Perry* v. *Perry*, 2 Paige, 501; *Kennedy* v. *Kennedy*, 73 N. Y. 369; *Henderson* v. *Henderson*, 88 Ill. 248;

*Bailey* v. *Bailey,* 97 Mass. 373; *Ford* v. *Ford,* 104 Mass. 198; *Lyster* v. *Lyster,* 111 Mass. 329; Transcript, pp. 24, 25, Instructions.

3. The court erred in giving instructions numbered 2, 3 and 4, defining the rights of husband and wife concerning her separate property. The complaint alleges, and the judgment finds, that John H. Black converted the property of respondent into money and appropriated the same to his own use. The common law prevails in Montana, and the property of respondent, having been reduced by John H. Black to his possession, became his property absolutely. The court erred in treating John H. Black as a trustee for his wife and making him account for her estate as such. Transcript, pp. 21, 22, 30; *Griswold* v. *Boley,* 1 Mont. 558, 559; *Vantilberg* v. *Black,* 3 Mont. 463, 464; R. S. Mont. 5th div. sec. 144; 2 Kent's Com. (12th ed.) *130, *135, *143. Under these instructions, appellants were held responsible for property and money in which respondent had no interest.

4. The instructions numbered 4 and 7, requested by appellants and refused by the court, state the law and should have been given. Transcript, pp. 19, 20; Code Civil Proc. sec. 602.

5. The judgment entered by the court was inconsistent with the findings of the jury and therefore erroneous. The chancery powers of the district court in divorce matters have been limited by the statutes of the territory, and the findings of the jury are conclusive and cannot be disregarded in this action. Transcript, p. 27; R. S. Mont. 5th div. secs. 508, 511; *Chumasero* v. *Vial,* 3 Mont. 376; *Largey* v. *Sedman,* id. 476.

6. The court erred in rendering a judgment against David Black for interest on $680 from June, 1880. Transcript, p. 32. Interest is a creature of the statute. No interest is prayed for in the complaint, and no grounds on which interest can be recovered are therein stated, and David Black should pay none. This question

has been settled by the supreme court of Montana.. *Isaacs* v. *McAndrews*, 1 Mont. 437–456; *Ruff* v. *Rader,* 2 Mont. 211–220; *Randall* v. *Greenhood*, 3 Mont. 506–512.

7. The court erred in taxing all the costs and an attorney's fee of $250 against David Black. Transcript, p. 33. They were taxed properly against John H. Black. David Black was not a party to the proceedings for a divorce or alimony. The answer was verified by John H. Black alone, and all the costs were caused by the trial of issues which did not affect David Black. If respondent prevailed in the action against John H. Black, the court could make a decree that David Black pay to respondent, as a part of her alimony, any money in his hands belonging to John H. Black. But the court could go no further, and take David Black's property for the benefit of respondent. David Black occupied the position of a garnishee or stakeholder, and was a nominal party to the suit. Attorney's fees are allowed the complainant in divorce cases out of the property of the husband for the same reason that her support is granted. They result from the relation of husband and wife, and in many states depend upon statutes. There is no authority for taxing these fees against David Black. 2 Bishop on Mar. and Div. (4th ed.) secs. 387–413; id. secs. 415, 416; *Baldwin* v. *Baldwin,* 6 Gray, 341; *Coffin* v. *Dunham*, 8 Cush. 404.

JAMES E. CALLAWAY, for respondent.

*First.* Appellants except to the instructions of the court numbered 10 and 11, and say:

"Appellant could only obtain a divorce upon the ground that John H. Black had been guilty of extreme cruelty, and the testimony must be confined to the acts of said John A. Black which are specified in the complaint."

The latter subdivision of the proposition is not law.

The court may consider and give weight to matters

which are not pleaded, though they cannot be the foundation or *only* ground for the divorce.    Bishop on Mar. and Div. p. 463, sec. 463; *Carpenter* v. *Carpenter*, Milen, 159; *Whispel* v. *Whispel*, 4 Barb. 217; *Dysart* v. *Dysart*, 106 ———, 141; Puterbaugh's Ch. Pl. p. 503; *Briggs* v. *Briggs*, 20 Mich. 34.

Authorities cited by appellants are not in point upon latter subdivision of proposition quoted.    The jury found the defendant guilty of extreme cruelty toward respondent, under all the proofs.    The court, under instruction No. 10, left it with the jury to determine whether or not, "from all the facts and circumstances in .evidence," certain acts of appellant John H. Black constituted extreme cruelty.    The jury could not thereby have been misled, as they were thereby instructed to consider and weigh all the evidence before them as to the charge of cruelty.

The jury are presumed to have considered all the instructions of the court, and to have weighed all of the evidence in rendering their judgment.

*Second.*    Appellants except because instructions numbered 4 and 7, pp. 19 and 20 of transcript, were not given.

The appellate court will note that there is no evidence set out in the record.    The evidence not being properly before the court, the judgment will be allowed to stand if the same is supported by the findings, and is not in absolute conflict therewith, and is warranted by the complaint.    *Largey* v. *Sedman*, 3 Mont. 476, and cases cited.

The rule is well settled that the *presumption* is that the instructions were confined by the district court to the issues made in the pleadings and to the evidence on trial. It is not error to refuse instructions not pertinent to the testimony.

There is no evidence on record showing that any proofs were received by the court, of admissions by John H. Black.    Respondent's complaint charges appellants with conspiracy to defraud, and evidence tending to prove

such allegation would have been competent for the jury to consider, under all the facts and circumstances of the case, when there was a joint defense.

*Third.* Appellants except to instructions numbered 2 and 3, for the sole reason that appellant John H. Black was in equity the trustee of his wife's separate estate.

There was no error in either of such instructions.

Sometimes the husband is a trustee by implication, as where he receives her money on the property belonging to the wife. *Vide* Wells on Separate Property of Married Women, sec. 288, p. 309; secs. 290-292; *Riley* v. *Riley*, 25 Conn. 161.

In instruction numbered 2, given on p. 21, Transcript, the court directed the jury to inquire and decide what amount of money or property — the separate estate of respondent — passed into the hands of appellant John H. The jury, under said instruction, in their findings answered, "Yes, $680." Page 27 of Transcript.

*Fourth.* Appellants object that the decree is inconsistent with the findings of the jury, but no reasons or "inconsistencies" are assigned.

On an appeal from the judgment roll, the judgment will not be reversed if the findings do not support it. The judgment will be allowed to stand, unless there is an absolute inconsistency between the express findings and the judgment. *Chumasero* v. *Vial*, 3 Mont. 379, and authorities cited; *Largey* v. *Sedman*, 3 Mont. 476.

*Fifth.* Appellants claim that David Black should pay no interest.

The jury find that $680 of the separate estate — personal property — of respondent went into the hands of David Black. If that be true, he received the same to and for the use of respondent, and is therefore liable for interest. Sec. 729, R. S. p. 561. Or, it was a tortious conversion by said David of respondent's separate estate, and David is liable for damages at ten per cent. thereon.

*Sixth.* It is admitted that John H. Black was prop-

erly liable for costs and attorneys' fees, but it is claimed that David should not be taxed with either. The record, so far as it goes, shows a joint answer and denial to *all* of the material allegations of the complaint. David was by the pleadings one of the defendants in the *divorce* suit.

By failing to segregate his defense and answer separately, he assumed all the responsibility of the defense. The burden of the defense was assumed by David equally with the husband.

WADE, C. J. The district court, sitting as a court of chancery, has jurisdiction in all cases of divorce and alimony, and the like process, practice and rule of proceedings obtains as in other chancery cases. Upon a hearing the court has the power to decree a dissolution of the bonds of matrimony, upon proof of any one of the causes mentioned in the statute. R. S. pp. 513, 514, secs. 508, 514.

The only departure from the chancery practice and rule of proceeding upon the trial is that, if the defendant appears and denies the charges alleged in the complainant's bill, the same shall be tried by a jury. R. S. p. 514, sec. 511. But the jury only tries the issue formed by the defendant's denial of the charge upon which the complainant asks for a divorce.

The court, sitting as chancellor, is alone responsible for the decree as to alimony and the custody of the children. He may refer special issues to the jury to make findings as to these matters, but he is not bound by them, and he may set them aside, make other findings, and decree accordingly.

The complainant, in her bill, among other things, charges: "That the defendant John H. Black, on or about the 15th day of September, A. D. 1881, at the county of Gallatin aforesaid, used to, of and concerning plaintiff, vile and abusive epithets, and then and there, without

any just or reasonable cause, cursed plaintiff and accused her of being an unchaste woman, and also did then and there threaten the life of plaintiff.

"That said defendant, on or about the 28th day of December, A. D. 1881, at the county of Gallatin aforesaid, without provocation or justification, struck, beat, kicked and wounded the plaintiff, and also, then and there, choked plaintiff, and other wrongs and injuries then and there did to plaintiff; and further, that on the 7th day of January, A. D. 1882, in the county of Gallatin aforesaid, the said defendant kicked plaintiff out of the house where the plaintiff and defendant were then residing, and then and there drove plaintiff from his house, and then and there rudely, forcibly and violently wrested plaintiff's child from her arms, and refuses to return said child to the care or custody of plaintiff.

"Plaintiff further alleges that she is now, and for several months last past has been, in delicate health, and that she is now pregnant with child by her said husband; that she is in destitute circumstances, and has no means of support."

In a divorce case, as in any other, the proof must be authorized by the allegation. But in this record there is no evidence, and hence no question can arise thereon. The instructions to the jury are presumed to be based upon and applicable to the testimony until the contrary appears. If, under any possible state of circumstances, the instruction might have been based upon competent evidence, the court will presume that such evidence was given. If, under any possible state of circumstances and evidence upon the issue joined, the instruction might have been proper, the court will presume that such evidence was produced upon the trial.

In this case, the defendant having denied the charge contained in the complainant's bill, a jury came, and special issues were submitted. After the conclusion of the testimony, the court instructed the jury, among

other things, as follows: "The first duty of the jury will be to consider and determine if the charge of extreme cruelty, made in plaintiff's complaint against the defendant John H. Black, is sustained by the preponderance of the evidence; and if you should find that defendant John H. Black has not been guilty of extreme cruelty, then you need not consider the case further."

The instruction limited and confined the consideration of the jury to the evidence of extreme cruelty as alleged and charged in the complaint.

Thereafter the jury returned into court, among others, the following special finding: "First. Has the defendant John H. Black been guilty of extreme cruelty towards the plaintiff, Alice B. Black? Answer. Yes.

"FRANK HILL, Foreman."

Under this instruction the finding must be interpreted to mean that the jury found the defendant guilty of extreme cruelty towards the complainant, as charged in the complaint. Proof of acts of cruelty not alleged in the complaint would have been incompetent, and there are no suspicions or conjectures contained in the record, or argument of counsel to the contrary, showing those based upon the giving of the following instruction: "There is no allegation in the complaint of cruelty towards the plaintiff on the part of David or Samuel Black, yet from all the facts and circumstances in evidence before you, the jury may consider whether the taking of plaintiff as his wife, to reside under the same roof and in one family with David and Samuel Black, constituted extreme cruelty or not."

The testimony is not before us. What state of facts called forth this instruction we are not informed. If David Black, a brother of John H. Black, the husband, had entered into a conspiracy to defraud the respondent of her separate property, as charged in the complainant's bill, and if the alleged acts of cruelty by the husband were parts of such conspiracy, and if taking the wife to

reside under the roof of one of the conspirators was for the purposes of the cruelty alleged, then such taking was a part of the cruelty charged, and the instruction was proper. The jury were instructed to consider such taking of the wife to the house of the brothers of the husband " under all the facts and circumstances in evidence." What those facts and circumstances were we do not know, but as they might have been such as to render the instruction legitimate and proper, in the absence of the testimony we must presume that the instruction was based upon the evidence, until the contrary appears.

2. The question of alimony was for the judge sitting as chancellor. As to this part of the decree the chancellor is alone responsible. He may, as he did, submit special issues to the jury as to the property of the defendant, but he may entirely disregard the findings of the jury and make those of his own and decree accordingly.

In arriving at the amount of the alimony to be allowed the wife, it was legitimate and proper to ascertain the amount of her separate property that had passed into the hands of the husband or others for his use; and if, as found by the chancellor, the defendant David P. Black received of the complainant's separate estate and converted to his own use, and for which he had in no wise accounted, the sum in value of $680, it was competent for the court to decree the payment of this sum to complainant as part of her alimony.

Whether this finding was based upon the testimony in support of the allegation of a conspiracy by her husband and said David P. Black to defraud the complainant or not, yet if the said David P. Black had received and converted to his own use the separate property of the complainant after a decree of divorce, and her husband having no interest in the property, he who had thus converted the property ought to be compelled to pay its value to its rightful owner. But this is not one of the claims

or demands upon which, under our statute, interest can be computed, unless there is an averment in the complaint that the money has been withheld by reason of vexatious delay.

3. In a case of this kind the costs are within the discretion of the court. The defendants answered jointly and made a joint defense. David P. Black, one of the defendants, joined with the husband in denying the charges contained in the complainant's bill, and contested her right to a divorce and to alimony. The answer of David P. Black, no less than that of her husband, made it necessary for the complainant to employ counsel. If a defendant voluntarily joins with the husband in contesting the wife's right to a divorce, and thereby compels the wife to employ counsel, and a decree of divorce is obtained, he ought to be jointly liable for the attorneys' fees that he makes necessary by reason of his own act. There is sufficient in the record to show that David P. Black was the active party in attempting to defeat a divorce, and apparently for the reason that he had converted property of the wife to his own use, which, if he could defeat the divorce, he might not be compelled to account for. If one unnecessarily intrudes himself into a divorce case, and contests a wife's right to a divorce, for purposes of his own, and a divorce is granted notwithstanding, he ought to be compelled to pay the expenses consequent upon such intrusion.

The decree is so modified that the sum of $680 ordered and adjudged to be paid by David P. Black to complainant shall not bear interest until the date of the rendition of said decree, and when so modified the decree is in all respects confirmed.

*Judgment modified and affirmed.*