## USHER v. USHER.

### No. 18,236; March 7, 1894.

#### 36 Pac. 8.

**Divorce—Change of Venue.—A Motion by Defendant** in divorce to change the place of trial to a county other than that in which the action was brought, on the ground that defendant resides in the former county, should be granted, where the affidavit of plaintiff creates no substantial conflict with defendant's, as to his residence.[1]

APPEAL from Superior Court, Tulare County; Wheaton A. Gray, Judge.

---

[1] **Cited** and explained in Cochrane v. McDonald, 4 Cof. Prob. Dec. 538, 539, where attention is called to its being a divorce case, wherefore, notwithstanding the amendment of March 10, 1891, of section 128 of the Civil Code, requiring such actions to be brought in the county of which the plaintiff had been a resident for three months next preceding the institution of the suit, the defendant could, of right, under section 395 of the Code of Civil Procedure, have the place of trial changed to the county of his residence.

Action by Dora Usher against J. B. Usher for a divorce. From an order denying his motion to change the place of trial to Tuolumne county, defendant appeals. Reversed.

J. B. Curtin for appellant; Rowen Irwin for respondent.

PER CURIAM.—Respondent brought her action for divorce in the county of Tulare, alleging her residence therein as required by law. The summons was served upon the defendant in the county of Tuolumne; and he moved for a change of the place of trial to that county, upon the ground that he was a resident of said last-named county at the time the action was commenced. His motion was denied, and this appeal is from the order denying his motion. The motion should have been granted. The affidavit of plaintiff is not sufficient to create a substantial conflict with the affidavit of defendant as to his residence; and upon the authority of Warner v. Warner, 100 Cal. 11, 34 Pac. 523, the judgment is reversed.