## HOCKETT, Respondent, v. HOCKETT, Appellant.

### (149 N. W. 550.)

**Divorce—Action—Venue—Change of Venue—Statutes.**

    Code Civ. Proc., Sec. 102, authorizing the court to change place of trial when the action is brought in the wrong county, and Sec. 101, requiring actions to be tried in county of defendant's residence, **held** to apply to actions for divorce where defendant resides in a different county from that of plaintiff; and Laws 1907, Ch. 132, Sec. 1, requiring plaintiff in a divorce suit to have been a resident for three months in county where the action is commenced, did not change the provisions of the Code concerning venue; and where defendant in the divorce suit made timely demand for change of venue to county of her residence, the venue should have been changed accordingly.

(Opinion filed November 30, 1914.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Albert C. Hockett against Elsie Hockett, for divorce. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

*Fellows & Fellows,* and *Williams & Sweet,* for Appellant. *John K. Hull,* and *Buell & Denu,* for Respondent.

Appellant cited: Code Civ. Proc. Secs. 101, 102; Warner v. Warner, (Cal.) 34 Pac. 523; Hancock v. Burton, 61 Cal. 70; Usher v. Usher, (Cal.) 36 Pac. 8; People v. District Court, (Col.) 69 Pac. 597; Hurning v. Hurning, (Minn.) 83 N. W. 342.

Respondent cited: Civ. Code, Secs. 66 to 93, inclusive; Laws 1907, Ch. 132; Pfueller v. Superior Court, (Wash.) 44 Pac. 123; Bachelor v. Bachelor, 71 Pac. 103; State ex rel. v. District Court, 126 N. W. 133.

POLLEY, J. This is an action for divorce. Plaintiff is a resident of Pennington county and commenced the action in that county. Defendant is a resident of Davison county and was served with summons and complaint in that county. Within the

time provided for that purpose by section 102, Code Civ. Proc., as amended by section 1, c. 177, Laws of 1913, defendant made written demand upon plaintiff that the place of trial of the action be changed from Pennington county to Davison court demand was refused by plaintiff, and defendant made application to the court for an order making such change. The application was denied by the court, and from the order denying the same this appeal is prosecuted.

Appellant bases her right to a change of the place of trial upon that portion of section 101, Code Civ. Proc., as amended by chapter 283, Laws of 1909, which reads as follows: 'In all other cases the action shall be tried in the judicial subdivision in which the defendant or defendants, or any of them, shall reside at the commencement of the action"—and upon that portion of section 102 which provides that the court may change the place of trial "when the county designated for that purpose in the complaint is not the proper county." These provisions of the law are general, and, unless they are qualified by some other statute, they apply with equal force to all civil actions; and appellant, so far as her residence is concerned, is entitled to have the place of trial changed to Davison county.

But it is contended by respondent that, since the enactment of chapter 132, Laws of 1907, the above provisions of sections 101 and 102 do not apply to actions for divorce. Section 1, c. 132, Laws of 1907, is as follows: "The plaintiff in an action for divorce must have been an actual resident, in good faith, of this state for one year, and of the county wherein such action is commenced for three months next preceding the commencement of said action, except as herein otherwise provided." This statute having been enacted since the adoption of the Code of Civil Procedure, must, if it conflicts with the provisions of the Code, prevail over such provisions. It is claimed by respondent that such conflict exists; that, because the statute requires the action to be commenced in the county where the plaintiff resides, it follows by necessary implication that it must be tried there also; that it would be an absurdity to say that the action must be commenced in the county of the plaintiff's residence, but that the defendant might have it removed to the county of her residence for trial.

With this contention we are not able to agree. True, the

language of section 1, c. 132, Laws of 1907, is broad enough to require that every action for divorce be commenced in the county of the plaintiff's residence; but, when we keep in view the evil at which this statute was aimed, it is clear that it was not intended to have any application to the place of trial of an action like this. It is well known that; prior to the enactment of the above statute, this state was much frequented by parties from other states who were desirous of obtaining a divorce. Very frequently a party from another state who desired a divorce would come here and acquire a statutory residence, and then, in order to avoid unpleasant or undesirable notoriety in a community where he or she had become acquainted would commence the action for divorce in some other county or judicial circuit. In these cases the defendant was rarely a resident of this state, and could not demand a change of the place of trial on the ground of his or her residence in some other county; and, so far as residence of the defendant was concerned, the case was necessarily triable in the county wherein it was commenced. But here we have a case where both parties are bona fide residents of this state—plaintiff in one county and defendant in another—and it should be controlled by the law providing for the place of trial of civil actions in cases where plaintiff and defendant are residents of different counties in this state.

Pfueller v. Superior Court of Snohomish County, 14 Wash. 115, 44 Pac. 123, is cited by respondent in support of his contention; and it is true that, in that case, the Supreme Court of Washington, under a statute very similar to our own, reached the conclusion that an action for divorce must be commenced and tried in the county of plaintiff's residence. But, on the other hand, courts of equal standing have reached the opposite conclusion and support the contention of the appellant. Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342; Lackay v. District Court, 30 Colo. 123, 69 Pac. 597; Usher v. Usher, 36 Pac. 8; Warner v. Warner, 100 Cal. 11, 34 Pac. 523. We believe these latter cases are supported by the better reason, and because of the similarity of our statute to that of California, and because the facts involved in Warner v. Warner, supra, arc so nearly parallel to the facts in this case, the following language found in the opinion of the court in that case is especially applicable in this case:

"Prior to the passage of this amendment, reproach had been brought upon the administration of our divorce laws by the frequency of proceedings commenced by complainants in counties where neither of the parties resided, the purpose being generally to avoid notoriety in the community where the plaintiff was known, and in some instances to obtain a decree by collusion, or to vex the defendant, or make it impossible or inconvenient for him or her to present a defense. It was the purpose of the amendment to correct this abuse. The state has an interest in the result of such cases. The public welfare demands that the bonds of matrimony should not be lightly set aside, and there is less probability of successful collusion or unfair advantage where the parties have both resided and are known, than there is in a county where neither has resided, and which the plaintiff may select for the purpose solely of procuring a divorce. It is true, before the amendment, a defendant had the right to have the cause transferred to his or her place of residence for trial, and to this extent the defendant's rights were protected; but the amendments tends to discourage the practice referred to, saves the defendant in a great many instances from the necessity and expense of moving for a change of the place of trial, and renders it less probable that the parties will allege or admit grounds of divorce which their friends and neighbors know to be false. Thus are the interests of not only the defendant, but of the public, in a measure protected."

We believe the defendant is entitled to the relief prayed for in her motion for a change of place of trial, and the order appealed from is reversed.