DUFFILL *v.* BARTLETT, District Judge Et Al.

No. 2931

March 30, 1931.                                    297 P. 504.

(Ducker, J., dissenting.)

*McNamee & McNamee* and *Samuel Platt,* for Petitioner:

*L. D. Summerfield,* for Respondents:

## OPINION

By the Court, SANDERS, J.:

From the petition and alternative writ of prohibition it is made to appear that Phyllis Chamberlin Duffill, on her complaint to the second judicial district court of the State of Nevada, in and for Washoe County, sought divorce and alimony from her husband, Albert Duffill, alleging in her complaint her residence in said county of Washoe for the period of three months before suit brought. Upon service of the summons and complaint, the defendant made demand in writing upon the plaintiff that the place of trial of the cause be changed to Clark County, his residence, and notified the plaintiff that he would, on the date specified, move therefor in open court, upon his affidavit of the fact accompanying the notice. Upon the hearing the court made an order

that the demand and motion be refused and denied. Thereupon the defendant petitioned this court for a writ to prohibit respondents from continuing jurisdiction of the case and order its transfer to Clark County for trial. Upon consideration of the petition, an alternative writ was issued commanding the respondents to show cause why the prayer of the petition should not be granted. For return the respondents, through the attorney of record for Phyllis Chamberlin Duffill interposed a demurrer to the petition upon the general ground that it did not state facts sufficient to authorize the issuance of the writ.

■■ The petitioner bases his right to a change of the place of trial of the divorce action brought against him to the county of his residence upon section 72 of the civil practice act, section 5014 Rev. Laws, which provides: "In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; * * * subject, however, to the power of the court to change the place of trial, as provided in this act."

Section 73 of the act, section 5015 Rev. Laws, provides, in substance, that, if the county designated in the complaint be not the proper county, the court may, on motion, change the place of trial.

Section 5838 Rev. Laws, the civil practice act relating to divorce, as amended by the Stats. of 1927, p. 126, c. 96, reads as follows: "Divorce from the bonds of matrimony may be obtained, by complaint, under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabitated, or in which the plaintiff shall have resided three months before suit be brought, for the following causes. * * * "

We are of the opinion that section 5838, as amended, must be read in connection with section 72 of the practice act, heretofore quoted. Section 5838, as amended, is a limitation as to the place for the commencement of

actions of divorce, but section 72 provides for the place of trial of personal actions generally. Hence there is no inconsistency in the different provisions. 9 Cal. Jur. 698. It will not do to say, as argued by counsel for respondents, that, because an action for divorce is required by statute to be brought in the county where the plaintiff shall have resided for three months before suit be brought, the action must be tried therein. The authorities hold that the defendant in a divorce action is entitled to a change of the place of trial to the county of his residence, notwithstanding a statute provides that actions for divorce shall be brought in the county where the plaintiff shall have resided for three months before the action be commenced. Warner v. Warner, 100 Cal. 11, 34 P. 523; Usher v. Usher, 4 Cal. Unrep. 521, 36. P. 8; Hockett v. Hockett, 34 S. D. 586, 149 N. W. 550, Ann. Cas. 1917A, 938; 19 C. J. 36.

Being of the opinion that section 72 of the practice act upon which the petitioner bases his right to a change of the place of trial of the case in question applies to divorce actions, we conclude that the demurrer to the petition should be overruled and that the alternative writ issued thereon should be made permanent.

It is so ordered.

COLEMAN, C. J.: I concur.

DUCKER, J., dissenting:

I dissent. The right of a party to a change of venue is regulated in this state by statute. Section 5015 Rev. Laws of Nevada. In civil cases such change may be made: (1) When the county designated in the complaint is not the proper county. (2) When there is reason to believe that an impartial trial cannot be had therein. (3) When the convenience of witnesses and the ends of justice would be promoted by the change.

Where the legislature has undertaken to prescribe the cases wherein a change of venue may be had, its directions are generally taken to be exclusive on the subject. 27 R. C. L. pp. 811-819.

The application for a change of venue was made upon the sole ground of residence of the defendant in Clark County. It is stated in the moving papers "that at the time of the commencement of this action, defendant was a resident of the city of Las Vegas, County of Clark, State of Nevada, and has ever since been, and continues to be, and still is a resident of said City of Las Vegas, County and State aforesaid, and that said County of Clark, in said state, is the proper place of trial of the above-entitled cause."

But, as before noted, it is only when the county designated in the complaint is not the proper county that a change is allowed on that ground; not when it appears that the county to which removal is sought is the proper county.

It appears from the complaint that plaintiff has resided in Washoe County for three months before this action was brought. Consequently, by virtue of the provisions of section 5838 of the Rev. Laws, as amended by Statutes of 1927, p. 126, c. 96, Washoe County was a proper county for the commencement of the action, and is a proper county for the trial thereof.

So far as material here, said last-mentioned section reads: "Divorce from the bonds of matrimony may be obtained, by complaint, under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the county in which the parties last cohabited, or in which the plaintiff shall have resided three months before suit be brought, for the following causes."

So it seems that the change of venue is granted in this case by the majority ruling on some ground not authorized by statute. In my opinion section 5014 of the Rev. Laws has no application to an action for divorce. But, even if such contention were conceded, the section does not provide an additional ground for a change of venue. The case of Connolly v. Salsberry, 43 Nev. 182, 183 P. 391, cited by petitioner, is not in point, and the language there used by the court, which is stressed by

petitioner, must be considered with reference to the point decided. It is what is decided that is binding, not what is said.

ON PETITION FOR REHEARING

May 22, 1931.

*Per Curiam:*

Rehearing denied.

DUCKER, J.: I dissent.

## STATE *v.* SOARES

No. 2937

March 31, 1931.                    296 P. 1081.