GREAT NORTHERN RAILWAY CO., APPELLANT, *v.* HATCH ET AL., RESPONDENTS.

(No. 7,278.)

(Submitted December 3, 1934. Decided December 15, 1934.)

[38 Pac. (2d) 976.]

*Mr. W. L. Clift* and *Mr. R. H. Glover,* for Appellant, submitted an original and a reply brief; *Mr. Glover* argued the cause orally.

*Mr. George W. Howard* and *Mr. P. E. Geagan,* for Respondents, submitted a brief; *Mr. Howard* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The Great Northern Railway Company brought suit in Lewis and Clark county to enjoin the defendants William Hatch, C. E. Brown, Ward Thompson, doing business as Ward Thompson Paper Company, and Crawley Motor Supply, a corporation, from carrying on a motor transportation business between Helena, in Lewis and Clark county, and Butte, in Silver Bow county, without first obtaining from the Public Service Commission a certificate of public convenience and necessity. The complaint alleges, in effect, that under the guise of a "Merchants' Mutual Motor Service," the defendants were attempting to evade the law, and operate a general transportation business for hire.

On the filing of the complaint and an affidavit in support thereof, the court issued a temporary restraining order and an order to show cause, returnable on December 27, 1933, which date was later changed to January 9, 1934. On January 2, the defendants filed a general demurrer, and at the same time Ward Thompson filed his demand and written motion for a change of the place of trial to Silver Bow county, accompanied by his affidavit of merits, and served upon the plaintiff notice that the motion would be made and presented to the court on January 8, 1934. Pursuant to the notice given, counsel for the plaintiff appeared on January 8 and resisted the motion, and, after argument by respective counsel, the court directed the filing of briefs and, by minute entry made, declared that, on receipt of the briefs, the matter would be deemed finally submitted.

On January 27 the court made and filed its order granting the motion and ordering the transfer of the cause "upon the payment of the transfer fee therefor." On February 28, plaintiff gave notice of appeal from the order changing the place of trial, and on March 17 presented and served its bill of exceptions, hearing upon which and upon any objections to its settlement was set for April 16, on which latter date the bill was duly settled by the judge who made the order of transfer. It is contended that the order of removal was erroneously made in that the moving papers were insufficient to invoke action; that Lewis and Clark county is the proper county for the trial of the cause under Chapter 184, Laws of 1931; and that the cause is properly triable in that county under section 9096, Revised Codes 1921.

In May, 1934, the defendants moved this court to require the clerk of the district court of Lewis and Clark county to certify, as a supplemental transcript, the record of certain proceedings had in Silver Bow county subsequent to the order of transfer, and, evidently, after actual transfer of the cause to that county, which matter had been presented on settlement of the bill of exceptions as objections thereto, and which had been ruled out by the court on the settlement. This motion was denied.

The defendants, in their brief filed on this appeal, state the position said to have been taken by the plaintiff in its brief filed in the district court in opposing the motion for change of place of trial, and the proceedings had in Silver Bow county, and urge that the plaintiff cannot change its position on appeal, and that, by voluntary appearance in the court of Silver Bow county, the plaintiff waived, or lost, its right of appeal. Long prior to the hearing here, the plaintiff filed written motion to strike these matters from the defendants' brief, hearing on this motion being deferred until the final hearing on the merits.

The motion to strike must be sustained. This court is bound by the record as presented and cannot consider theories exploited in the lower court, or statements made in briefs,

which do not appear in the record. (*Thrift* v. *Thrift*, 54 Mont. 463, 171 Pac. 272; *Heavey* v. *Laden*, 54 Mont. 421, 170 Pac. 947; *Stewart* v. *First Nat. Bank & Trust Co.*, 93 Mont. 390, 18 Pac. (2d) 803.)

The presentation to this court of a supplemental transcript is unavailing in view of the fact that this court had already denied defendants' motion to make it a part of the record on appeal, and all reference thereto in defendants' brief must be stricken. (*McNair* v. *Berger*, 92 Mont. 441, 15 Pac. (2d) 834.) However, lest it appear that by denying to the defendants the right to supplement the record by the insertion of material matter we have deprived them of substantial justice on this appeal, we will briefly consider the showing they desired to make.

The charge that plaintiff has changed its theory is based on the statement that, in a brief submitted to the district court, the plaintiff advised the court that "this action is not brought under the provisions of Chapter 184, Session Laws of 1931," and that it now relies, in part, on the provisions of that Act. There is no merit to this contention. The complaint alleges that the operation of the trucks involved "has been conducted illegally and in violation of Chapter 184," Laws of 1931, and that "in entering into said agreement said defendants conspired to evade the provisions of said Chapter 184, Laws of 1931."

As to proceedings had in Silver Bow county, after transfer, the appeal is from the order made in Lewis and Clark county, and it was in that court that the bill of exceptions was required to be settled. (Sec. 9390, Rev. Codes 1921.) The judge who made the questioned ruling or decision alone can know the facts upon which he exercised judgment, and, therefore, he alone can properly settle the bill. (*Turner* v. *Hearst*, 115 Cal. 394, 47 Pac. 129.) When, therefore, the cause was transferred to Silver Bow county, regardless of the right of plaintiff to appeal from the order, it became necessary for plaintiff to go into that court to seek a retransfer to the court from which the appeal lies. While the plaintiff could

have secured a stay of proceedings from this court (Chap. 39, Laws of 1925), the mere stay would not have accomplished the purpose of a return of the cause to the court, the order of which is challenged by the appeal. While a court to which a cause is properly transferred has the same jurisdiction as though it had been originally commenced therein (sec. 9100, Rev. Codes 1921), where the order of removal is erroneously made, such court has jurisdiction only to return the cause to the court from whence it came (*Cargar* v. *Fee,* 119 Ind. 536, 21 N. E. 1080; Id., 140 Ind. 572, 39 N. E. 93).

Contending that the plaintiff made a general appearance in the district court of Silver Bow county, defendants seek to apply the rule that one must appear specially to quash defective service of summons, or he waives want of jurisdiction in the court. This rule is not applicable, as it has its origin in the law that service of summons is not necessary when a litigant appears generally; he then waives service and submits to the jurisdiction of the court.

For the purpose of moving for a change of place of trial, the defendant must appear *generally* (sec. 9097, Rev. Codes 1921); a motion before such appearance is premature and will not be heard (*Nicholl* v. *Nicholl,* 66 Cal. 36, 4 Pac. 882); and, of course, the plaintiff has already made a general appearance.

In the class of cases which may be tried in any county in the state, if the plaintiff, after change, appears in the court to which the cause was transferred and proceeds to trial, he waives his right to raise the question on appeal from a judgment with which he is dissatisfied. (*Otero Canal Co.* v. *Fosdick,* 20 Colo. 522, 39 Pac. 332; *Vaughn* v. *Hixon,* 50 Kan. 773, 32 Pac. 358; *State* v. *Norton,* 131 Or. 382, 283 Pac. 13; *Ex parte Whitmore,* 9 Utah, 441, 35 Pac. 524.) This is a salutary rule which does not permit a party to acknowledge jurisdiction and put the court and his opponent to the trouble and expense of a trial through which he will go with the mental reservation that, if unsuccessful, he will, by raising the question, have a second opportunity to prevail; but where, as

here, the plaintiff goes into the court to which the cause has been transferred, only for the purpose of taking such steps as he deems necessary in aid of his appeal from the order, and by which he does not challenge his adversary in any manner, there can be no question of waiver.

With his demurrer, Ward Thompson filed an instrument entitled "Motion for Change of Place of Trial and Notice of Motion," which closes with the declaration: "This motion will be made and based upon the papers filed and records in the above entitled action, and the demand for change of place of trial and the affidavit of merits filed herewith."

The written demand for change of place of trial to Silver Bow county reads in part: "Silver Bow being the proper county for trial, * * * since the above entitled action is an action for injunction, and the judgment and relief sought is against the persons of the defendants, and it is a purely equitable suit, * * * and all of the defendants, and especially * * * Ward Thompson is a resident of and lives in Silver Bow county." In his affidavit of merits Thompson swears that all of the defendants reside in Silver Bow county and were there served with summons.

The notice served on plaintiff and its counsel merely advises them that the defendant Ward Thompson intends to move the court for an order changing the place of trial to the county of Silver Bow "at the court room in the courthouse in the city of Helena, county of Lewis and Clark, on Monday the 8th day of January, 1934, at the hour of 10 o'clock A. M."

The plaintiff contends that a *motion* must be sufficient in itself; that the written motion filed is insufficient, in that "no definite ground for said motion was alleged, and the movant cannot require the court to scrutinize" the records and papers filed. The sole requirement of the statute is that the defendant "at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." (Sec. 9097, Rev. Codes 1921.) There is no requirement that the *motion* be filed, even if such a requirement would be proper. "A motion is prop-

erly an application for a rule or order, made *viva voce* to a court or judge." (*Wallace* v. *Lewis*, 9 Mont. 399, 24 Pac. 22, 23; *O'Hanion* v. *Great Northern Ry.*, 76 Mont. 128, 245 Pac. 518.) These cases recognize and approve the practice of filing with the notice of motion, which must be in writing and served upon the opposite party (secs. 9774, 9778, Rev. Codes 1921), a "statement in writing of the motion he intends to make," and either the statement or the notice *should* state the grounds upon which the motion is to be made (*State ex rel. Davis* v. *District Court*, 72 Mont. 56, 231 Pac. 395).

In California it is held that a notice of motion, stating the motion would be made upon the record and papers on file and upon an affidavit of which a copy was served with the notice, and where the records and affidavit were sufficient to apprise the plaintiff of the grounds on which the motion would be made, was a sufficient compliance with a statute which required, in set terms, that the grounds of the motion must be stated in the notice (*Savage* v. *Smith*, 170 Cal. 472, 150 Pac. 353; *Reher* v. *Reed*, 166 Cal. 525, 137 Pac. 263, Ann. Cas. 1915C, 737); but that, even if the reference to other instruments fully advising the plaintiff of the grounds did not cure the defect in the notice, where the plaintiff appeared and contested the motion without raising this objection, he must be deemed to have waived the claimed defect in the notice (*Bohn* v. *Bohn*, 164 Cal. 532, 129 Pac. 981; *Westover* v. *Bridgford*, 25 Cal. App. 548, 144 Pac. 313).

This is the correct rule in a case such as this. The requirement of notice is to afford opposing counsel the opportunity to be present and intelligently to oppose the motion to be made, and should advise him of the contentions he must be prepared to meet. Here the plaintiff's counsel were in a position to know exactly the grounds upon which the defendant Thompson would present his motion; they appeared and contested that motion on its merits and without objection to the insufficiency of the moving papers, in so far as the record discloses, and therefore waived their right to attack the defendant's position on this ground.

In the absence of a constitutional or statutory provision ▮ to the contrary, all equitable actions or suits are properly triable in the county in which the defendants, or any of them, reside. (Sec. 9096, Rev. Codes 1921; *McKinney* v. *Mires,* 95 Mont. 191, 26 Pac. (2d) 169.) However, section 14 of Chapter 184, Laws of 1931, specifically provides that ''if any motor carrier shall operate in violation of the provisions of this Act, * * * any party injured may apply to any court of competent jurisdiction, in any county where such motor carrier is engaged in business, for the enforcement of this Act, * * * by writ of injunction, or other proper process. * * * ''

As above noted, the complaint alleges that the defendants, operating as a motor carrier, are violating the provisions of the Act in Lewis and Clark county, as it is alleged that they operate ''between the cities of Butte and Helena, over the public highways of said state and the streets of said cities.''

It is asserted that the above provision is invalid, as its ▮ enactment violated the provisions of sections 23 and 26 of Article V of the Constitution. It is urged in support of the assertion that the title to the Act does not disclose the legislative intention to make provision for the place of trial. The title to the Act declares that one of the purposes thereof is, ''Providing for the Enforcement of this Act and the Punishment for Violation Thereof.'' That the title is sufficient to warrant the declaration, within the Act, that an aggrieved party may appeal to the court ''in any county where the motor carrier is engaged in business'' is too plain to require the citation of authorities respecting the requirement as to the contents of such title.

The order from which this appeal is taken is reversed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.