ARCHER, Respondent, *v.* ARCHER, Appellant.

(No. 7,728.)

(Submitted January 5, 1938.   Decided January 15, 1938.)

[75 Pac. (2d) 783.]

*Mr. E. J. Stromnes,* for Appellant, submitted a brief; *Mr. S. B. Chase, Jr.,* of Counsel, argued the cause orally.

*Mr. F. N. Hamman,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action in Lake county in March, 1937, to obtain a divorce, the custody of children, and an award for the support of herself and children. The defendant filed a demurrer, demand and motion for change of venue to Chouteau county. The motion was supported by an affidavit of merits, wherein it is averred that summons and complaint were served upon defendant in Chouteau county, and that at the time of the commencement of the action, and during the years 1935, 1936, and 1937, he was a resident of Chouteau county. Plaintiff filed her own counter-affidavit, and also an affidavit of her father. At the hearing on the motion for change of venue, oral testimony was submitted by both parties. The court denied the motion and this appeal followed.

On the vital issue as to the place where defendant resided at the commencement of the action, within the meaning of section 9096, Revised Codes, the record presents no substantial conflict.

Plaintiff and defendant were married on May 15, 1929, and at that time took up their residence in Chouteau county, where defendant had theretofore resided and where he was born. In the spring of 1934 they moved from Chouteau county to Lake county, where they lived with plaintiff's father. In August or September, 1934, defendant was arrested and placed in jail in Lake county, where he remained for about eight months for want of bail. After securing bail and obtaining his freedom from custody, defendant returned to Chouteau county where he remained until September, 1935, when he returned to Lake county for trial. He was convicted and served a sentence of six months in the county jail at Polson, Lake county. Upon completing his sentence in March, 1936, he returned to Chouteau county and rented a farm about one and a half miles from Fort

Benton.  He invited plaintiff and the children to make their home and live with him in Chouteau county.  Plaintiff did take up her residence with defendant on this farm in December, 1936, and there lived with him as his wife until shortly before this complaint was filed.

Plaintiff herself testified with respect to the home near Fort Benton:

"Q. Well, did he set up a home for you there, did he fit up a home for you?  A. Yes, he did.

"Q. Suitable to live in?  A. Yes, sir.

"Q. And supplied, was it?  A. Yes, sir.

"Q. It was your home with him at Fort Benton or near there from December, 1936, until some time in March, 1937, is that right?  A. Yes.

"Q. And it was the home of your four little children?  A. Yes.

"Q. And the reason it is not still your home is because of this gun and something some people told you?  Is that right?  A. Yes.  Yes, certainly it is."

True, plaintiff claimed that she was induced to take up her residence at the home of defendant near Fort Benton through defendant's fraud and deceit.  This, if true, might have some bearing upon the question as to plaintiff's bona fide residence, but it would not alter the fact that defendant was a resident of Chouteau county.

If we concede that when defendant and his family moved to Lake county they became residents of Lake county, then the same reasoning would compel the conclusion that when defendant again moved to Chouteau county and there established a home, that county became his residence even though his wife chose to live elsewhere during a part of the time when he lived there.

The husband has the right to select the place where the family shall live (sec. 5783, Rev. Codes), and the residence of the husband is presumptively the residence of the wife (sub. 5, sec. 33, Id.).

In determining the place of residence of a person, we are commanded to observe the following rules:

"1. It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"2. There can only be one residence.

"3. A residence cannot be lost until another is gained. * * *

"7. The residence can be changed only by the union of act and intent." (Sec. 33, Rev. Codes.)

Applying these rules to the facts here, it follows that defendant's residence at the time of the commencement of this action was in Chouteau county. Defendant was actually living in Chouteau county when the action was commenced. He had there established a home for himself and family with the intention of there remaining. The plaintiff, with the children, joined him at this home in December, 1936, and there remained until March, 1937, when they voluntarily left him without his consent. We find no warrant for the conclusion that defendant was not at the time of the commencement of the action a resident of Chouteau county. This being so, the proper place for the trial of the action, under section 9096, is in Chouteau county. (*Dawson* v. *Dawson*, 92 Mont. 46, 10 Pac. (2d) 381.)

Plaintiff contends that on the issue of residence of the defendant the evidence was conflicting. If there were substantial conflict in the evidence on this question, then, under familiar rules, we would be obliged to adhere to the trial court's determination. But the only conflict here presented, by either affidavits or oral testimony, is with respect to the conclusion as to where defendant's residence was at the time of the commencement of the action. There is no conflict in the facts from which the determination must be made as to where defendant resided at the commencement of the action.

Plaintiff resisted the motion also on the ground of the convenience of witnesses. Her counsel concedes, and necessarily so, that at this stage of the proceedings, no answer having been filed in the case, that question cannot be raised. (*Dawson* v. *Dawson,* supra, and cases therein cited.)

The order appealed from is reversed, and the cause remanded, with directions to set aside the order overruling, and to enter an order granting, the motion for change of venue.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.