SHIELDS, Appellant, *v.* SHIELDS, Respondent.

(No. 8379.)

(Submitted June 11, 1943. Decided July 9, 1943.)

[139 Pac. (2d) 528.]

*Mr. J. F. Emigh*, for Appellant,

150

*Messrs. W. E. Keeley, James B. Castles* and *Maurice J. Mac-Cormick,* for Respondent, submitted a brief; *Mr. MacCormick* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

152

Plaintiff appeals from an order granting a change of venue, which is an appealable order. (Sec. 9732, Rev. Codes; *Helena Adjustment Co.* v. *Predivich*, 98 Mont. 162, 37 Pac. (2d) 651.)

The action was filed in Silver Bow county, in which at the time of the parties' separation in 1940 both resided, and in which plaintiff still resides, and in which service was had on defendant. Defendant's demand for change of venue to Madison county was made and granted upon the ground that at the time of service of summons she was a resident of that county. The fact of her residence there is not questioned by plaintiff upon this appeal.

The action was filed on November 25, 1941, but service was not had until April 8, 1942, when defendant was in the city of Butte, in Silver Bow county, at the request of her attorneys in connection with her taking of plaintiff's deposition in another cause pending between them. The record indicates that defendant had been in Silver Bow county at various times since the parties' separation. No contention is made here that the service upon her was improper or questionable, and defendant made no special appearance to question its validity but appeared generally by demurrer and motion for change of venue. Consequently the sole issue here is whether, under section 9096, Revised Codes, which the parties agree is the controlling statute, the order for change of venue was erroneous.

Section 9096, Revised Codes, reads in part as follows: "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint * * *."

As noted above, defendant resides within the state and no contention is made that her place of residence was unknown to plaintiff. Therefore the portion of the section applicable is the first

part which provides that "the action shall be tried in the county [1] in which the defendants, or any of them, may reside at the commencement of the action, or [2] where the plaintiff resides, and the defendants, or any of them, may be found."

It is clear that under the first provision noted in the last paragraph above, Madison county, where defendant resides, is a proper county for the trial of the action. On the other hand, the second provision seems to provide that Silver Bow county, where plaintiff resides and defendant was found and served, is also a proper county for the trial thereof.

Section 9097, under which the demand for change of venue is ▮▮▮▮▮▮ made, provides for such change only "if the county in which the action is commenced is not the proper county." Therefore if Silver Bow county is the proper county under the second provision, there is no statutory authorization for removing the case to Madison county, even though the latter is admittedly the proper county for trial under the first provision. In short, if both are proper counties, the action must stay where it was filed. (*Bergin* v. *Temple,* 111 Mont. 539, 111 Pac. (2d) 286, 133 A. L. R. 1115.) Consequently the only question is whether the second provision, as well as the first, applies to this case; if so, the order granting the change of venue was erroneous.

Defendant speaks of this action as a transitory one and cites the decisions of certain jurisdictions to the effect that it is the general policy of the law that in transitory actions defendant is the favored party, with a right to have the action brought in the county of his residence. However the general policy of the law differs in various states as determined by the legislatures, and it should be noted that in *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 106 Pac. 1098, 1101, 135 Am. St. Rep. 622, this court said: "In general transitory actions may be tried wherever personal service can be made on the defendant."

The exact question seems never to have been adjudicated in this state. Defendant relies upon some wording in *McKinney* v. *Mires,* 95 Mont. 191, 26 Pac. (2d) 169, 172, as follows: "It is purely an equitable suit, and is transitory, and the designation

of the proper county is found, not in the provision with respect to actions upon contracts, but in the first or main clause of section 9096, above; i. e., the place of residence of 'the defendants, or any of them,' is controlling.''

Defendant's argument is that the court's reference to defendant's place of residence and to ''the first or main clause of section 9096'' indicates that this court regarded the entire remainder of the section as subordinate. But what the court was pointing out was that that section applied rather than the section relating to contract actions, and that the subordinate provision with regard to defendants who resided outside of the state or whose residence within the state was unknown to plaintiff did not apply.

It is fundamental that the language of a decision must be interpreted with reference to the facts of the case, and so considered the language, while not a precedent upon this point, bears out the contention of the plaintiff rather than of the defendant. In that case the defendants were served in the county of their own residence and not in the county of plaintiff's residence, as here. The decision shows that the court had that point in mind, for it mentioned the fact that one ground of motion was ''that none of the defendants reside or *were served with summons* in Silver Bow county,'' and proceeded to say: ''Under the facts alleged it is manifest that Silver Bow county is not the proper county for the trial of the 'action' under *any one* of the foregoing designations. * * * It follows that these defendants, residing and *served with summons in Gallatin county,* were entitled to have the cause removed to that county on their demand.''

Thus it seems clear that if any weight is to be given *McKinney* v. *Mires* in this regard, it is that the court was cognizant of the provision here in point and of the significance of the fact that the defendants were found and served in the county of their own residence and not in that of plaintiff's residence.

In regard to the question of the ''general spirit and policy of the law'' which defendant stresses, it must be remem-

bered that it is primarily for the legislature to declare that spirit and policy. "The common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, or of the codes, is the rule of decision in all the courts of this state." (Sec. 5672, Rev. Codes.) "The codes establish the law of this state respecting the subjects to which they relate * * *." (Sec. 4, Rev. Codes.)

The legislature having spoken upon this subject, its declaration is conclusive upon the courts and the only question is of the construction of the legislative provision, bearing in mind that the provision must be construed according to the context and approved usage of the language (sec. 15, Rev. Codes), which necessarily includes the accepted grammatical rules. It is apparent that under the rules of grammar each of the expressions [1] and [2] above which are connected by the disjunctive "or," modify or relate to the word "county." It is also a well recognized rule that where two such clauses or phrases are so expressed in the disjunctive they are co-ordinate and either is applicable to any situation to which its terms relate.

Thus Webster's New International Dictionary (2d Ed.) defines the conjunction "or" as "A co-ordinating particle that marks an alternative; as, you may read *or* write—that is you may do one of the things at your pleasure, but not both. It often connects a series of words or propositions, presenting a choice of either; as, he may study law *or* medicine, *or* he may go into trade." Following the accepted definition and rules, it follows that the action may be tried either in the county in which defendant resides or in the county in which plaintiff resides and defendant "may be found." The question then is whether defendant was "found" in Silver Bow county. This court's emphasis upon the place of service in the above quotations in *McKinney* v. *Mires,* supra, indicates the assumption that "found" means "found for legal service." The dictionary mentioned above defines "find," of which "found" is the past tense and past participle, as "to come upon by seeking or by effort."

156

Section 9110, Revised Codes, provides that summons may be served by the sheriff of "the county where the defendant is *found.*" Section 9112 provides for service on the Secretary of State for a corporation, none of whose qualified officers, agents or employees "can be *found* within the state, upon whom service of process can be made." Section 9117 provides for service by publication when the defendant resides out of, has departed from, or "cannot, after due diligence, be *found*" within the state.

It was held in *Tiedemann* v. *Tiedemann,* 36 Nev. 494, 137 Pac. 824, 826, that with reference to a venue statute conferring jurisdiction in the court of a county "in which the defendant shall reside or be found", (Rev. Laws sec. 5838), the word "found" is used in contradistinction to the word "reside." The court said: "There is nothing in the language of the statute to indicate that the Legislature in using the word 'found' intended to use it in any sense other than as frequently used in statutes relative to the service of process."

Defendant does not argue that the word "found" has any other meaning than the natural one assumed by this court in *McKinney* v. *Mires,* supra, and expressly determined by the Nevada court in *Tiedemann* v. *Tiedemann,* supra. Defendant does contend, however, that if the statute is construed to confer jurisdiction in accordance with the natural construction of the words used, the result will be to encourage luring the defendant into the county of the plaintiff's residence by fraud or trickery. It has been held that even a service made upon defendant after he has been brought within the county under arrest is not absolutely void, although it may be avoided on timely objection. (*Mosier* v. *Aspinwall,* 151 Okl. 97, 1 Pac. (2d) 633.) Without reference, however, to any question of waiver by general appearance, it has often been held that service upon a defendant in a county other than that of his residence is not good if his presence there was induced by fraud, trick or device (*Bowes* v. *Superior Court,* (Cal. App.), 124 Pac. (2d) 667; *Oklahoma Industrial Finance Corp* v. *Wallace,* 180 Okl. 363, 69 Pac. (2d) 362), and that defendant is properly said to be

"found" where served only if he is there voluntarily (*McNab* v. *Bennett*, 66 Ill. 157) and not by reason of plaintiff's fraud, artifice or trick for the purpose of obtaining service. (*Willard* v. *Zehr*, 215 Ill. 148, 74 N. E. 107; *McLain* v. *Parker*, 88 Kan. 717, 129 Pac. 1140.) As noted above, there are no such facts here to bring this case within any of the exceptions.

If the legislature had not meant to permit such alternative venue as the section indicates, it would presumably not have used the words in question. That it used them advisedly is not only to be presumed but is shown affirmatively by the fact that while it had adopted the California statute, it chose to add the words in question, indicating a clear intention to provide an additional situation in which the court of a county would have jurisdiction.

Defendant suggests that we should read into the provision words limiting its application to cases in which defendant does not reside or cannot be found in the state; but that would constitute clear judicial legislation, especially since the situation was already expressly covered by the statute as adopted from California. There would be no justification for finding that the addition of the provision in question was for the purpose of duplicating something already in the statute.

It follows, therefore, that each of the two provisions must be held applicable in any case in which it fits the circumstances, and that where both apply to a given case they are alternative provisions, so that neither county is the wrong one, and the provision for change of venue from the wrong county to the right one does not apply.

The order appealed from is therefore reversed.

ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

MR. JUSTICE ADAIR, dissenting:

The plaintiff, John M. Shields, and his wife the defendant, Hazel A. Shields, are bona fide residents of the state of Montana. Both formerly resided together in Madison county, but at the time the husband filed this suit for divorce in Silver Bow county

he was then a bona fide resident of that county, while his wife, Hazel A. Shields, was then a bona fide resident of Madison county wherein she actually lived and worked at the abstract of title business. The wife, desiring to have the divorce suit tried in her home county of Madison, made timely and proper demand therefor pursuant to section 9097, Revised Codes, and such demand was complied with by the district court. I am of the opinion that the court below acted properly in granting the change of venue. (*State ex rel. Bonners Ferry Lumber Co., Ltd.* v. *District Court*, 74 Mont. 338, 240 Pac. 388.)

While summons issued out of the district court of Silver Bow county on November 25, 1941, the record does not show any attempt made to serve same on the defendant, Hazel A. Shields, in the county of her residence. Instead, the plaintiff waited for over four months when on April 8, 1942, his wife happened to be in Butte on legal business in connection with the taking of a deposition when he delivered the summons to the sheriff of Silver Bow county, who, on that date personally served the defendant in Butte.

In Montana there is no statute specially prescribing the venue of actions for divorce. A plaintiff who is a bona fide resident of the state for the time prescribed by statute is privileged to file his complaint and commence his suit for divorce in any county in the state, subject only to the right of the defendant to ask that the action be changed to the proper county for trial. This is a right which the defendant has and which she must exercise at the proper time and in the proper manner pursuant to section 9097 or the right will be waived and the action tried where commenced.

There being no statute specially prescribing the venue of divorce actions, the general venue statute (sec. 9096, Rev. Codes) controls. It is under this statute that this defendant wife claims the right to have this suit for divorce against her tried in Madison county where she resides.

When analyzed the first sentence of section 9096, Revised

Codes, consists of a first or main clause and four subordinate clauses, viz:

(Main clause) "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action,"

(Exception No. 1) "or where the plaintiff resides, and the defendants, or any of them, may be found;"

(Exception No. 2) "or, if none of the defendants reside in the state, * * * the same may be tried in any county which the plaintiff may designate in his complaint; * * *"

(Exception No. 3) "or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and"

(Exception No. 4) "if, any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had."

A divorce suit is a chancery suit. (*Black* v. *Black,* 5 Mont. 15, 2 Pac. 317.) As this court said in *McKinney* v. *Mires,* 95 Mont. 191, 198, 26 Pac. (2d) 169, 172, "it is purely an equitable suit, and is transitory, and the designation of the proper county is found, not in the provision with respect to actions upon contracts, but *in the first or main clause* of section 9096, above; i.e., the place of residence of 'the defendants, or any of them,' is controlling."

In other words, under section 9096 the defendant is entitled to demand that the divorce action against her be tried in the county of her residence at the commencement of the suit except: (1) Where the defendant cannot be located or found in the county wherein she *is known* to reside; (2) where the defendant resides without the state; (3) where, although residing in the state, defendant's place of residence is *unknown* or cannot be ascertained; and (4) where the defendant may be about to depart from the state.

It is not contended that defendant was in hiding nor that she could not be found or located in the county wherein she resides,

nor that the county of her residence was unknown to her husband, the plaintiff, nor that she was about to depart from the state, hence it is clear that the provisions of the subordinate clauses and exceptions above, are wholly inapplicable. When, as here, the county of the defendant's residence is within the state and well known to plaintiff, when defendant is not in hiding nor attempting to escape to avoid the service of process, she is entitled, upon proper and timely demand, to have the divorce action against her tried in the county of which she is a bona fide resident under "the first or main clause of section 9096, above. (*McKinney* v. *Mires*, supra.) It is only when the first or main clause cannot be applied that one of the alternatives provided for in the four succeeding clauses may control the venue.

In *Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal. (2d) 579, 127 Pac. (2d) 924, 927, it is said:

"The right of the defendant to have certain actions tried in the county of his residence 'is an ancient and valuable right, which has always been safeguarded by statute and is supported by a. long line of judicial decisions. "The right of a plaintiff to have an action tried in· another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception." (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56, 39 Pac. 209.' *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515, 522, 274 Pac. 977, 979)".

"Under statutes similar to ours, however, where the question has been squarely presented and decided, the courts have uniformly held the defendant has the right to have the cause transferred to the county wherein he resides, (*Warner* v. *Warner* [100 Cal. 11, 34 Pac. 523] ; *Duffill* v. *Bartlett*, 53 Nev. 228, 297 Pac. 504; *Usher* v. *Usher*, 4 Cal. Unrep. 521, 36 Pac. 8; *People ex rel. Lackey* v. *District Court*, 30 Colo. 123, 69 Pac. 597, 598; *People* v. *Pinches* [214 Cal. 177, 4 Pac. (2d) 771] ; *Modine* v. *Modine*, 123 Cal. App. 67, 10 Pac. (2d) 776, 777; *Hockett* v. *Hockett*, 34 S. D. 586, 149 N. W. 550, 551, Ann. Cas. 1917A,

938)." (*Finnell* v. *Finnell,* 59 Idaho 148, 81 Pac. (2d) 401, 402.)

By section 9097, Revised Codes, is the defendant in a lawsuit given the right and advised of the procedure of exercising the right to have such suit transferred to the proper county for trial. In the preceding section (sec. 9096), the first and foremost factor prescribed for determining the proper county is the place of residence of the defendant at the commencement of the action. If there is one action that should be tried in the home county of the defendant it is a divorce action. The statute gives the defendant the right to a trial in the county where she actually makes her home and living. The right is a most valuable one. I cannot agree that this court is justified nor that it has the authority to deny to this defendant the right to have this suit tried in her home county where reside her neighbors and friends.

MR. JUSTICE MORRIS:

I concur in the foregoing dissenting opinion of MR. JUSTICE ADAIR.