(30 App. Div. 614.)

PHŒNIX BRIDGE CO. v. NEW JERSEY STEEL & IRON CO. et al.

(Supreme Court, Appellate Division, First Department.    June 10, 1898.)

MONEY HAD AND RECEIVED—WHEN ACTION LIES.
    A certain trade agreement, which provided for a combination between the parties thereto, and for the payment of an entrance fee and monthly dues by each member, to the treasurer of the combination, to constitute a so-called "guaranty fund," was adjudged illegal and void, as in restraint of trade.    Thereafter one of the members brought an action against the others, as for money had and received, to recover its proportionate share of a fund alleged to have been created under the agreement.    It was not alleged or proved, however, that the plaintiff had in fact made any payments into the fund, or that the fund had been received or held by the defendants.    *Held*, that the plaintiff's remedy, if any, was against the treasurer to recover such amounts as might have been actually paid by the plaintiff to him.

Appeal from trial term, New York county.

Action by the Phœnix Bridge Company against the New Jersey Steel & Iron Company and the Passaic Rolling Mill Company and others.    From a judgment on dismissal of complaint of trial before a jury, plaintiff appeals.    Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and IN-GRAHAM, JJ.

Delos McCurdy, for appellant.
John E. Parsons, for respondents.

INGRAHAM, J.    The action was brought to recover from the defendants the sum of $35,089.60, money had and received by them from the plaintiff for its use and benefit.    The answer denied that

the defendants ever had or received, from the plaintiff or otherwise, any sum of money whatever for the use and benefit of the plaintiff, or that they are, or either of them is, indebted to the plaintiff in any sum whatever. The plaintiff's cause of action thus being denied by the answer, a question of fact was presented, the burden being upon the plaintiff of proving that the defendants had received a sum of money for its use and benefit. The plaintiff, to prove its cause of action, introduced in evidence a paragraph of an answer interposed by these defendants in another action between the parties, where it is alleged that "the interest of the plaintiff in the guaranty fund and other assets of the association amounted, subject to the determination of the plaintiff's alleged grievances, to $35,089.60, and not $40,000, or thereabouts, as alleged in the complaint." There was also introduced in evidence an agreement between the parties to the action. By that agreement the parties thereto formed an association for the purpose, as therein recited, of promoting harmony among the bridge manufacturers of America by the consideration and discussion of measures conducive to their common interests, and of carrying out the provisions of this agreement among the parties thereto as thereinafter set forth; it being expressly provided, however, "that this association shall not in any manner constitute the parties hereto partners, and shall confer no authority upon any member thereof, or subject any member thereof to any liability, except as hereinafter expressly provided." The agreement provided that the association should have certain officers, of whom one William H. Connell was treasurer. It was also provided that there should be a commissioner, not interested in the business of any member of the association, who should be the official accountant and arbitrator of the association and of its members, to state and adjust the accounts between them; and that the members of the association should pay into the treasury of the association an entrance fee of $52,-000, of which sum the plaintiff was to pay 16 per cent., and which was to be known as the guaranty fund of the association. This fund was to be increased from the receipts of the association until its total amount should become $260,000. It was then proved that Connell was the treasurer of the association; that he had had in his custody at about the time of the commencement of the suit the entire guaranty fund under this agreement, which, on January 28th, amounted to in the neighborhood of $200,000; that the interest of the plaintiff in the guaranty fund and other assets of the association was $35,089.60; and that the fund had been kept in a trust company in the city of New York. A letter from the plaintiff to the defendants was then introduced in evidence, by which the plaintiff disaffirmed this agreement, and rescinded the same, and demanded the payment of the sum of $40,000. The plaintiff then rested, and the court, on motion of the defendants, dismissed the complaint.

Counsel for the appellant states in his brief, although it was not proved upon the trial, that in an action commenced by the plaintiff against the members of the association it was held that, the agreement (Exhibit B) being in restraint of trade, was void on grounds of public policy, and that the plaintiff in that action, which the court

held was brought under the agreement, was not entitled to any relief; and the counsel refers us to the case of Phœnix Bridge Co. v. Keystone Bridge Co., 142 N. Y. 425, 37 N. E. 562. There the court of appeals, in discussing this agreement, said that the plaintiff and the defendants both conceded on the trial that the agreement was illegal, because it was a combination to enhance prices; and it appeared that the court below had found that such agreement was illegal for that reason. In affirming the judgment for the defendant the court say:

"In affirming this judgment we do not intend to pass upon the question of the alleged right of plaintiff to disaffirm and repudiate the obligations of this so-called executory or continuous agreement, and in a proper action to recover back the moneys it has paid in under it."

The court having thus adjudged this agreement under which the plaintiff's money was paid to be void, and the agreement itself having provided that the association should not in any manner constitute the parties thereto partners, the plaintiff could not recover as against these defendants under the agreement. The agreement was void. Nor would any of the defendants be liable to the plaintiff for any sum of money which had been paid by him to the treasurer of the association, unless such sum of money had been actually received by one of the parties to the agreement, or was in its possession or control. If the agreement was actually void, as appears to have been determined by the court of appeals, the plaintiff could not recover for any liability or obligation created by the agreement. Whatever obligation or liability, express or implied, existed between the parties, depended, not upon the agreement, but upon the acts of the parties to each other, irrespective of the terms of the agreement. Thus, the defendants having elected to rescind the agreement, and the agreement being thus void and rescinded by one of the parties to it, to entitle the plaintiff to recover against the defendants it must show that the parties proceeded against had become liable to the plaintiff by reason of the relation of the parties as between themselves, or of some contract or obligation, express or implied, which created a liability. The action is brought to recover for money had and received. In such an action it is necessary to show that the defendants had obtained possession of or received something as money to which the plaintiff was entitled. "He [defendant] can be liable no further than the money he has received." Chapman v. Forbes, 123 N. Y. 536, 26 N. E. 4. "Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action." Roberts v. Ely, 113 N. Y. 131, 20 N. E. 607. It was incumbent upon the plaintiff, therefore, to show that the defendants had received money, or received something as money, which they should refund to the plaintiff. We think the plaintiff failed to show that these defendants had received any sum of money belonging to the plaintiff, or to which it is entitled. The evidence did show that one Connell, acting as treasurer of an association of which the plaintiff and the defendants were members, held a sum of money as a guaranty fund under the agreement, and that under the agreement the interest of the plain-

tiff in this guaranty fund and other assets of the association amounted to the sum of $35,089.60; but this sum of money had never been received by, nor was it in the possession of, the defendants. It was as much in the possession of the plaintiff as of the defendants, it being in the possession of neither, but of the treasurer of the association appointed by the agreement made between the plaintiff and the defendants, and of which the plaintiff and defendants were members. It is not alleged, nor was it proved, that any part of this guaranty fund was contributed by the plaintiff. Under the agreement the plaintiff was to contribute to the association a certain sum of money, which was to be held by Connell as treasurer. That agreement had been declared void, and the plaintiff's sole right to recover any portion of the fund held by the treasurer would be limited to the amount that it had actually contributed to that fund. Under the terms of the agreement, the plaintiff bound itself to contribute to that fund the sum of $8,320; but it is not alleged, nor did the plaintiff prove, that it had actually contributed that or any other sum to the association, or that the fund held by the treasurer was made up in any way of contributions from the plaintiff. The agreement shows that this fund, in addition to the contributions in cash which are called "entrance fees," and which were to amount in the aggregate to $52,000, should be made of what are called "dues" to the association, which each member was required to pay monthly, the amount of which was to be determined by the amount of all iron-work made and sold by each member of the association during the previous calendar month. The agreement under which these payments were made having been declared void, the plaintiff may have had a cause of action against the person to whom they were paid, or who had received them, for the amount that he had contributed to this fund; but that action would lie only against the person who had received such contributions made by plaintiff, and upon the ground that the plaintiff had disaffirmed and repudiated the obligation of the agreement, and had brought the action to recover back the money it had paid in under it. The plaintiff had here repudiated the agreement, and demanded a payment back of the money which it claimed belonged to it under the agreement. Having repudiated the agreement, it could maintain no action under it. Plaintiff's cause of action was against those who had received its money, and who were not entitled to retain it, the agreement itself under which it had been paid being void. But it was the money which the plaintiff had contributed that it was entitled to recover, and from the person who held it; and in that action the plaintiff neither proved that it had paid any money under the agreement, nor that any of the defendants had received or held any money of the plaintiff.

The dismissal of the complaint was, therefore, correct, and the judgment is affirmed, with costs. All concur.