CONKLIN v. CONKLIN.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. DIVORCE—FAILURE TO PAY ALIMONY—DEMAND—CONTEMPT.
　　Where a decree in divorce required defendant to pay certain weekly installments to the wife, defendant's failure to comply with a demand made therefor by the managing clerk in the office of plaintiff's attorney

was insufficient to constitute a contempt, where it was not shown that defendant was informed that the person making the demand was authorized to do so.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 758.]

2. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY—TERMINATION.

The authority of an attorney employed to prosecute a suit for divorce by a wife against her husband terminated after the entry of a decree in plaintiff's favor.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 128–130.]

Appeal from Special Term, Kings County.

Divorce proceedings by Jeannie L. Conklin against Henry Conklin. Decree for plaintiff. From an order committing defendant for contempt, he appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Isaac N. Jacobson, for appellant.

William L. Mathot, for respondent.

RICH, J. The final decree directed that the defendant "pay to the plaintiff, Jeannie L. Conklin, as aid for her support and maintenance the sum of twenty-five ($25) dollars per week." It appears that at the time this proceeding was instituted defendant was in arrears in the sum of $600. The moving papers show that a certified copy of the decree was personally served upon defendant October 28, 1904, and that on the 27th day of November, 1905, a managing clerk in the office of plaintiff's attorney in the action demanded of defendant the alimony due to plaintiff under the decree. While a demand might properly have been made by a person authorized by plaintiff to receive the amount, yet the moving papers do not disclose that defendant was informed that the person making the demand was authorized to do so, or that he had any authority to receive the money for plaintiff. So far as appears by the record, the demand may have been made by a person unknown to defendant, a stranger to the proceeding.

It must be made to appear to the satisfaction of the court, by some evidence, that the party in default has refused or neglected to pay the alimony after demand, and some evidence of the authority of the person making the demand to receive the same before an order will be made adjudging a party in contempt. The power of the attorney for plaintiff ceased after the entry of judgment. (Kalmanowitz v. Kalmanowitz, 108 App. Div. 297, 95 N. Y. Supp. 627), and evidence that his managing clerk was authorized to make the demand without showing who gave the authority or that notice of the fact was given defendant is not sufficient to justify the order.

We think plaintiff has failed to establish facts sufficient to justify defendant's commitment for contempt, that the order must be reversed, and motion denied.

Ordered reversed, with $10 costs, and disbursements, and motion denied, with costs. All concur.