CREDIT ALLIANCE CORPORATION, Respondent, *v.* SHERIDAN THEATRE CO., INC., Appellant.

**Principal and agent — corporations — money had and received — fraud committed by agent for his own benefit not imputed to principal — check to order of corporation obtained by its president through fraud and deposited to its account but immediately withdrawn and deposited to his own account — action against corporation to recover on theory of money had and received cannot be maintained — president not agent of corporation and his knowledge cannot be imputed to it.**

1. When an agent abandons the object of his agency and acts for himself, by committing a fraud for his own exclusive benefit, he ceases to act within the scope of his employment and, to that extent, ceases to act as agent.

2. Where the president of a corporation, without its authority, negotiated in its name a loan, giving therefor promissory notes of the corporation and as collateral a certificate for shares of its stock, the name of the treasurer of the corporation on both notes and certificate being forged, and receiving a check payable to the order of the corporation deposited it to its credit but immediately drew its check payable to his own order, on which the name of the treasurer was again forged, and deposited the same to his own credit, the lender cannot maintain an action against the corporation to recover the

amount loaned on the theory of money had and received. The money, having been immediately withdrawn by its president and converted to his own use without the corporation's knowledge of the transaction or that the funds had ever been placed to its credit, it enjoyed no benefit and exercised no dominion over the same, and as the acts of its president were wholly unauthorized, he was not the corporation's agent and his knowledge cannot be imputed to it.

*Credit Alliance Corp.* v. *Sheridan Theatre Co.*, 210 App. Div. 599, reversed.

(Argued October 19, 1925; decided November 24, 1925.)

APPEAL from a judgment, entered December 4, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a verdict directed by the court and directing judgment in favor of plaintiff.

*Henry Brill* and *William Kaufman* for appellant. The facts as found established that the defendant was in no way responsible for the acts of Spiegel, never exercised any dominion or control over the moneys stolen from the plaintiff nor received any benefit therefrom, and it, therefore, cannot be held liable on the theory of money had and received. (*Davenport* v. *Palmer*, 211 N. Y. 596; *Miller* v. *Schloss*, 218 N. Y. 400; *Chapman* v. *Forbes*, 123 N. Y. 532; *Rosenberg* v. *Block*, 118 N. Y. 335; *Roberts* v. *Ely*, 113 N. Y. 128; *Brundage* v. *Port Chester*, 102 N. Y. 499; *National Trust Co.* v. *Gleason*, 77 N. Y. 400; *Strahl* v. *Fink*, 132 App. Div. 12; *Crown Cotton Mills* v. *Turner*, 42 App. Div. 270; *Iselin* v. *Chem. Nat. Bank*, 6 App. Div. 534; *Fowler* v. *Union, etc., Co.*, 88 Hun, 420; *Com. Nat. Bank* v. *Mfg., etc., Co.*, 15 N. Y. S. R. 633.) Spiegel was acting for his own benefit in the transaction and ceased to act as an agent of the defendant, and the defendant company was not chargeable with his knowledge of the transaction. (*Henry* v. *Allen*, 151 N. Y. 1; *Prudential Ins. Co.* v. *Nat. Bank of Commerce*, 227 N. Y. 510; *Jacobus* v. *Jamestown Mantel Co.*, 211

N. Y. 154; *Brooklyn Distilling Co.* v. *Standard D. & D. Co.,* 193 N. Y. 551; *Benedict* v. *Arnoux,* 154 N. Y. 715; *U. S. Printing & Litho. Co.* v. *Powers,* 206 App. Div. 114.) Inasmuch as the defendant was innocent in the transaction, had never received any benefit from the plaintiff's money or exercised any control over it, it should not be penalized, merely because it might have asserted a claim against its own bank.

*Henry A. Jones* and *Morgan J. O'Brien, Jr.,* for respondent. Defendant actually received into its possession and control plaintiff's check and the proceeds thereof, and, having received credit with its bank therefor, is liable for the return to plaintiff of $2,250. No subsequent fraud of Spiegel's divested defendant of such control or abridged plaintiff's right to recover. (*Standard Steam Specialty Co.* v. *Corn Exchange Bank,* 220 N. Y. 478; *Heinrich* v. *First Nat. Bank,* 219 N. Y. 1; *Justh* v. *Nat. Bank,* 56 N. Y. 478; *Baldwin's Bank* v. *Smith,* 215 N. Y. 76; *Cargie* v. *Hadley,* 99 N. Y. 131; *Met. Nat. Bank* v. *Loyd,* 90 N. Y. 530; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 83; *Gen. Fire Assur. Co.* v. *State Bank,* 177 App. Div. 745; *Lyons* v. *Union Exch. Nat. Bank,* 150 App. Div. 493; *King* v. *Bowling Green Tr. Co.,* 145 App. Div. 398; *S. R. P. Importing Co.* v. *Amer. Union Bank,* 122 Misc. Rep. 778; Morse on Banking [5th ed.], § 289.)

McLAUGHLIN, J. This action was brought to recover money had and received. There is little or no dispute between the parties as to the material facts involved. The appeal presents a question of law only.

At the trial a jury was waived, and the question presented was submitted to the court by the consent of both parties, each agreeing that a verdict might be directed as though a jury were present. The court directed a verdict in favor of the defendant, but on appeal

the judgment was reversed and a judgment directed in favor of the plaintiff.

The defendant, a .domestic corporation, had as its president one Max Spiegel, as its treasurer William F. Rafferty, and one Coombs as its secretary. Under a resolution passed by the board of directors of the corporation (the three persons named constituted all of the board of directors) it could borrow money only upon notes signed by the president and the treasurer. Spiegel, asserting that he represented the defendant corporation, applied on its behalf to the plaintiff for a loan of $2,500. The plaintiff agreed to make the loan provided it was paid a bonus of $250. This was agreed to, and thereupon Spiegel delivered to the plaintiff corporation what purported to be five promissory notes of $500 each of the defendant corporation and, as collateral security for the payment of the notes, a certificate for 100 shares of the capital stock of the defendant corporation. The notes and stock purported to be executed by Spiegel as president and Rafferty as treasurer. Rafferty never signed the notes or the certificate. His name was forged in each instance.

When the first note fell due, the same was not paid, and thereupon the plaintiff corporation brought an action in the Municipal Court of the city of New York against the defendant to recover the amount with interest. Rafferty interposed an answer on behalf of the defendant corporation alleging that his signature to the notes and the certificate was forged. Thereupon the plaintiff discontinued that action and brought this one to recover the total amount loaned, on the theory of money had and received. It appeared that when the notes and stock were delivered, the plaintiff, in exchange therefor, gave either to Spiegel or some one representing him a check for $2,250 payable to the order of the defendant corporation. This check Spiegel had certified and then he deposited it in a bank to the credit of the defendant.

Almost immediately thereafter he drew a check of the defendant payable to his own order for the amount deposited, again forging the name of Rafferty. This check he deposited in a bank to his own credit.

The trial court, as above indicated, dismissed the complaint holding, as appears from the opinion, that the action could not be maintained for money had and received since the defendant had never had any benefit of the amount deposited or exercised any dominion over it, or ratified Spiegel's act in making the deposit. The Appellate Division entertained a different view, holding that the defendant was liable because the moment the plaintiff's check was deposited to the credit of the defendant, that moment the relation of debtor and creditor was created between the defendant and the bank. Obviously, upon the facts, this conclusion does not follow. One cannot be made a debtor any more than he can be made a creditor, except by his consent either expressed or implied. Spiegel, in making the deposit, did not act for the defendant nor did he represent it in any way. When an agent abandons the object of his agency and acts for himself, by committing a fraud for his own exclusive benefit, he ceases to act within the scope of his employment and, to that extent, ceases to act as agent. (*Henry* v. *Allen,* 151 N. Y. 1.)

Spiegel was never authorized to borrow any money from the plaintiff on behalf of the defendant. Defendant never knew anything about the transaction until long after it had occurred; it never ratified Spiegel's act; it had no knowledge whatever either of the transaction itself or of the fact that the money was deposited to its account, unless it can be said that Spiegel's knowledge was the corporation's knowledge. But as his acts were wholly unauthorized, he was not the defendant's agent and his knowledge cannot be imputed to it. (*Benedict* v. *Armour,* 154 N. Y. 715; *Prudential Insurance Co.* v. *National Bank of Commerce,* 227 N. Y. 510, 515; *Brooklyn Distilling Co.*

v. *Standard D. & D. Co.*, 193 N. Y. 551; *Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154, 155; *Fay* v. *Slaughter*, 194 Ill. 157.)

The money, having been immediately withdrawn by Spiegel and converted to his own use without the corporation's knowledge of the transaction or that the funds had ever been placed to its credit, it enjoyed no benefit and exercised no dominion over the same.

The judgment of the Appellate Division should, therefore, be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.