LOUIS STEINER, Respondent, *v.* SINGER SEWING MACHINE COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, January 15, 1926.

Principal and agent — action for money had and received — agent delivered two personal checks to plaintiff's assignor in return for loan — fact that agent stamped defendant's name on check to left of his signature did not make checks those of defendant — proof did not show agent had authority to borrow funds for defendant — judgment reversed.

In an action for money had and received based upon the loan of money for which defendant's agent gave plaintiff's assignor two personal checks upon which he had stamped defendant's name to the left of his own signature, a judgment for the plaintiff should be reversed in the absence of proof that said agent had or ever before exercised the power to borrow money for the defendant or to draw funds with which to pay defendant's loans. Proof that the agent undertook to borrow the money for the defendant to meet a deficiency owing his employer does not establish authority to borrow.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff and against defendant for $1,000 damages and interest, besides costs. Trial by the court.

*Ver Planck, Price & Burlingame* [*Milton C. Lightner* of counsel], for the appellant.

*Henry Brill,* for the respondent.

PER CURIAM. Action by an assignee for money had and received on two of the assignor's $500 checks, through one Schillberg, manager of its branch office 2097 Third avenue. Both checks were payable to defendant and were deposited by defendant's branch manager, Schillberg, to defendant's account.

The defense was that Schillberg borrowed the money as a personal loan; that Schillberg had no authority to borrow money for defendant.

The two $500 checks in suit of plaintiff's assignor were dated May 31 and July 2, 1924. Schillberg delivered his two individual $500 checks to plaintiff's assignor therefor on July 1 and 2, 1924; both were returned unpaid and marked "Acct closed," on February 14, 1925.

On January 29, 1925, plaintiff's assignor wrote defendant in relation to the two $500 checks:

" Your representative, Mr. Schillberg, came to me and asked me to help him out for a month or two so that he could cover his remittances. In return he gave me Singer Sewing Machine Company

checks for $500 each. Whenever I wanted to deposit these checks, he notified me there was not sufficient money in the bank to cover these and, of course, I let this thing drag along month after month. Now, I understand he is not connected with you any longer, therefore, I am writing to you and demanding this payment of $1,000 plus the interest."

Schillberg's two individual $500 checks drawn on his personal account were not made Singer Sewing Machine Company checks by reason of the fact that Schillberg stamped the name of the defendant to the left of his individual signature on each check with a rubber stamp.

Schillberg had written authority to indorse and deposit only checks drawn to defendant's account, but had no written authority to draw checks for defendant; another person had limited authority to draw such checks.

Schillberg's contract as managing salesman at 2097 Third avenue authorized him to sell and dispose of machines, parts and accessories; to pay all personal, town, city, county and State licenses; he had no authority to pledge the credit of the defendant in any way.

Schillberg may have had limited authority to draw money to pay emergency expenses of his branch store. But there is no proof that he either had or ever before exercised power to borrow money for defendant or to draw money with which to pay defendant's loans. Moreover the checks Schillberg gave plaintiff's assignor were his individual checks.

Plaintiff's assignor's parol testimony that Schillberg undertook to borrow the $1,000 for defendant to cover his remittance, that is, to pay a deficiency, does not establish authority to borrow. To sustain this claim would allow any selling agent to borrow unlimited money in the name of his principal to cover his own losses. (*Credit Alliance Corp.* v. *Sheridan Theatre Co.*, 241 N. Y. 216.)

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, GUY, WAGNER and LYDON, JJ.