Irene **MITTER** and Emanuel Janos, Plaintiffs,

v.

Lionello Fioravanti **MASSA**, Defendant.

United States District Court
S. D. New York.

Jan. 29, 1965.

**916**

Isadore B. Hurwitz, New York City, for plaintiffs.

Robinson, Silverman, Pearce, Aronsohn & Sand, New York City, for defendant, James F. Gill, New York City, of counsel.

### METZNER, District Judge.

The plaintiffs have moved for a temporary mandatory injunction directing the defendant to deliver 90 paintings to plaintiffs, and directing defendant to supply an additional 84 paintings, all of which are for the purpose of a showing of defendant's work at an art gallery in New York. The defendant has moved to dismiss the complaint on the ground that the defendant has not been properly served with process, or, in the alternative, to stay the action in this court pending the disposition of an action in the Supreme Court of New York. Defendant also opposes the granting of plaintiffs' motion for an injunction.

Plaintiffs are citizens and residents of New York, while defendant is a citizen and resident of Italy.

The parties entered into a contract in which the plaintiffs, Mitter and Janos, are designated as "promoting investors" and the defendant, Massa, is designated as "artist." The purpose of the contract was for the plaintiffs to exhibit and sell the defendant's paintings, with the proceeds thereof to be disbursed as provided in the contract. The defendant agreed to provide 200 canvases for this purpose. The plaintiffs had an exclusive right to sell these paintings for a period of 18 months, with an option to renew for an additional period of 18 months. The time when the original 18-month period was to begin was within the exclusive discretion of the plaintiffs.

The plaintiffs claim that they arranged with the Burrell Galleries in New York for a 3-month showing commencing on October 6th, 1964. Disputes as to the relationship between the parties started sometime during the summer of 1964, and the showing opened with only 26 of defendant's paintings. None have been sold to date.

Sometime in October plaintiffs instituted an action in this court on the contract and sought a temporary injunction. Shortly thereafter the defendant commenced an action against the plaintiffs and the Burrell Galleries in the Supreme Court of New York. Service of the summons and complaint in the latter action was made upon Janos on October 12th, on the Burrell Galleries on October 13th, and on Mitter on October 15th.

On October 29th Judge Cooper, in the action in this court, denied the motion for a temporary injunction without prejudice, and dismissed the complaint on the ground that the court did not have jurisdiction over the defendant. He pointed out (1) that a copy of the summons did not accompany service of the complaint, (2) that service was not made by a United States marshal, (3) that service was made only upon attorneys for the defendant, and (4) that service by certified mail upon the defendant was not made at his usual place of abode.

On October 30th an answer was served in the state court action which contained a counterclaim seeking the same relief as sought in the action in this court. On November 9th the instant action (similar to the one dismissed by Judge Cooper) was commenced by delivery of the papers to the marshal for service, who effected service on the attorneys for the defendant on November 23rd. The motion for injunctive relief was served upon the attorneys for defendant on November 27th. Depositions in the state court action went forward with Mitter being deposed on November 19th and Massa being deposed on November 27th. Also, on November 19th the parties stipulated to an amendment of that complaint.

Defendant again objects that service upon the attorney for the defendant in the action in this court is not sufficient service. At the time of the commencement of the first action in this court, the defendant had not as yet instituted the state court action. However, it was instituted before the second suit in this court. The question of the validity of service in this second federal action is to be determined by the state statute, CPLR § 303. F. R.Civ.P. 4(e). Section 303 provides for the designation of an attorney as agent for service. If an action is commenced in the state "by a person not subject to personal jurisdiction," it constitutes a designation by such person of his attorney as an agent for service of a summons in any separate action in which the person named as a defendant in the first action seeks recovery against the plaintiff in a separate action. It is defendant's contention that, since he was physically present in New York for a long period of time prior to service (a fact well known to plaintiffs herein), and in fact had been deposed subsequently by the plaintiffs in conjunction with the state court action, he was subject to personal jurisdiction, and section 303 is therefore inapplicable.

The history of section 303 does not sustain defendant's contention. This section was originally adopted in 1949 as section 227-a of the Civil Practice Act, on the recommendation of the Law Revision Commission. Report of the Law Revision Comm'n, Legis.Doc. (1949) No. 65(B). The Commission pointed out that the purpose of the section was to give the resident defendant the same rights against a nonresident plaintiff that he would have against a resident plaintiff. The designation of the attorney to accept process flowed, in the words of the statute, from "The commencement of any action or proceeding in any court of this state *by any person not residing in the state * *."* (Emphasis supplied.) The change of the words from "any person not residing in the state" to "a person not subject to personal jurisdiction" was made, according to the revisers' notes, for the purpose of eliminating any problem caused by the distinction between domicile and residence. Second Prel. Rep. of the Advisory Comm. on Practice & Procedure, Legis.Doc. (1958) No. 13 41–42. The Commentary appearing under section 303 of the Civil Practice Law & Rules of McKinney's Consolidated Laws states that section 303 continues the practice, with slight modification, as existed under C.P.A. § 227-a.

> "The most obvious change is that the statute is no longer limited to nonresidents who commence an action in our courts. It applies to any plaintiff over whom the defendant cannot acquire personal jurisdiction."

While the use of the words "subject to personal jurisdiction", on their face, would cover the defendant here, such a reading would narrow the right that previously existed. It was not the purpose of the revision to limit the applicability of the section, but rather to extend it. Obviously the problem here was not within the contemplation of the revisers, but the remedy afforded should not thereby be thwarted.

The service of the summons and complaint was proper, and this portion

of the motion seeking dismissal of the action is denied.

All of the relief sought by the plaintiffs in this case has been requested in their answer in the previously instituted state court action. Depositions on both sides have gone forward in that court. The state court is competent to dispose of the dispute between the parties. While they are properly in this court, there is no reason to have both actions proceed side by side, and consequently the action in this court is stayed until determination of the state court action. This stay is granted in the exercise of the inherent power of the court. Milk Drivers and Dairy Emp. Union v. Dairymen's League Co-Op. Ass'n, 304 F.2d 913 (2d Cir.1962), and cases cited therein.

The motion for a temporary injunction is denied without prejudice to a renewal in the state court action.

So ordered.