Frank A. Q-ttlotta, J.
This is a motion, referred from Queens County, to vacate an order of attachment on the ground that the complaint fails to state a cause of action.
Some years ago the plaintiff, a mason contractor, contracted to do the brick work on some multiple dwellings to be erected by the corporate defendant, 24 Eock Corporation, in Queens County. The individual defendants are the principals of the corporation.
When the buildings were completed, the exterior walls leaked, and 24 Eock Corp. sued the plaintiff, claiming breach of warranty and use of an improper mortar mix. A jury returned a verdict in favor of 24 Eock Corp. for the sum of $80,000, which, with interest, now amounts to over $94,000. A bond for $100,000 was posted and an appeal taken. The judgment was affirmed by the Appellate Division (26 A D 2d 772) and leave to go to the Court of Appeals was denied (18- 1ST T 2d 580). The Appellate Division has denied reargument (29 A D 2d 694) and Special Term has denied a new trial. 24 Eock Corp. has recovered summary judgment in an action on the undertaking against the bonding company, which is now on appeal.
This action is based on a charge of fraud committed by the defendants in procuring the above judgment by perjured testimony which grossly exaggerated the damages which, in fact, were no more than the $7,500 which was actually paid to repair the wall. The proceeds of the appeal bond itself are the subject of the present attachment.
Taking these charges at face value, as we must on this motion, the question is may such an action be maintained?
I conclude that it may not. It is the settled policy of the law not to allow the effectiveness of a judgment to be impeached in another lawsuit, even where perjury and fraud were used to procure it. The remedy for that lies exclusively in the lawsuit itself, for instance, by a motion for a new trial. Such an application was made in this case, but the Judge who entertained it saw fit to deny the motion, and that determination, too, has been affirmed by the Appellate Division. (29 A D 2d 660.)
Plaintiff herein seeks to bring itself into an exception to the above rule, to wit, a line of cases which allow a separate challenge *819 by another suit where the fraudulent scheme is broader than merely one to use perjury to obtain a wrongful judgment. However, simply charging that the defendants conspired to do what it is claimed they did and that they entered into the conspiracy before they did it, avails nothing. It boils down to nothing more than what the cases call “intrinsic” fraud. This court had occasion to discuss this concept some time ago in Holland v. Holland (N. Y. L. J., Feb. 11, 1960, p. 16, col. 6, affd. 11 A D 2d 736), but in an opinion which only discussed a tangential issue. There it was possible to sustain the complaint because there was more to the alleged conspiracy than corrupting the judicial process in order to get an undeserved divorce decree and yet it was a close case. Here, there is nothing. Charging conspiracy is not a magic sesame. In Jacobowitz v. Herson (268 N. Y. 130) the court said at page 134: ‘1 This State is committed to the rule that the perjured testimony of the successful party or his witnesses at the trial, even where the false testimony was procured by a conspiracy, is not sufficient ground for vacating a domestic judgment or enjoining its enforcement. ’? In Burbroohe Mfg. Co. v. St. George Textile Corp. (283 App. Div. 640) the rule is concisely stated at pages 643-644: “ On the one hand, there is the profound and imbedded philosophy that decided issues remain decided, and that litigation come to an end. On the other hand, there is the equally compelling policy that fraud be frustrated, and consequently that one who defrauds not gain sanctuary merely because a narrow issue, by very reason of Ms fraud, has been determined in his favor, but by successful concealment of a larger and basically different scheme. If the total objective of the scheme was the determined issue, then there is a bar; but if the total objective was greater than the determined issue, and the determined issue was but a step or a part of the total objective, then there is no bar. In the one case the bar is that of res judicata. In the other case there lies an action for fraud independent of, extrinsic to, or antecedent (but not merely in the sense of chronological time) to the prior judgment.”
Under this rule, people occasionally may succeed in their deceptive practices but any other rule would lead to absolute chaos. The remedy would seem to lie in a proper case in a liberal consideration of the right to a new trial in the original action. That question is not before this court at this time and, therefore, the basis for it has not been developed by either side, but it is significant that the Judge who had it was not persuaded that plaintiff (defendant herein) had recovered a wrongful judgment.
Motion granted.