Arnold L. Fein, J.
After answer, defendants move to dismiss, in an action in which plaintiff .sues: (1) to recover amounts allegedly received by defendant Madison Steamship Corp. (Madison), and the codefendants,"Madison’s attorneys, pursuant to an execution on a judgment against plaintiff, in excess of the amount of said judgment; and (2) to compel defendants to issue a satisfaction of said judgment. The judgment was obtained by Madison against plaintiff on default in an action in the United States District Court for the Southern District of New York.
Defendants assert and have pleaded in their answer, that: (1) this court lacks personal jurisdiction over Madison and jurisdiction of the subject matter; (2) the complaint fails to state a cause of action against defendant attorneys; (3) the claims are barred by the Statute of Limitations.
Madison is a nonresident corporation. The summons was served on defendant attorneys only. Plaintiff asserts this was sufficient service on Madison because the attorneys represented Madison in the action in which the judgment was recovered and thereafter in matters incident to collection of the judgment.
Even if it be assumed that jurisdiction to sue Madison in New York exists by virtue of Madison’s actions here in obtaining a judgment and allegedly wrongfully collecting and retaining amounts in excess of the judgment, this does not mean that personal jurisdiction in this action has been obtained over Madison by service of process on defendant law firm.
Pursuant to CPLR 303, the commencement of an action in this State, by a person “ not subject to personal jurisdiction ”, constitutes a designation of the attorney appearing in the action, as agent, “ during the pendency of the action ” for service of a summons in any separate action against such person, if such separate action could have been asserted as a counterclaim in the Supreme Court. (Norry v. Land, 44 Misc 2d 556; Mitter v. Massa, 237 F. Supp. 915.)
‘ ‘ During the pendency of the action ’ ’ means until final judgment is entered. (Concourse Super Serv. Station v. Price, 33 Misc 2d 503.) An attorney’s power to represent a party ceases upon the entry of final judgment and issuance of execution thereupon, unless his authority is shown to be extended by special agreement or statute. (Weiner v. Jones, 245 App. Div. 17; Averill v. Williams, 4 Denio 295; Kalmanowitz v. Kalmanowitz, 108 App. Div. 296; Conklin v. Conklin, 113 App. *1030 Div. 743; Welsh v. Cochran, 63 N. Y. 181; Goebel v. Clark, 242 App. Div. 408.)
Even if it be held that CPLR 303 is referable to actions in the Federal courts, it is manifest that the action in the Federal court by defendant against plaintiff is no longer pending, judgment having been entered and an execution having been issued and enforced.
Service on the attorneys did not subject Madison to personal jurisdiction.
Plaintiff contends defendants have waived the right to move at this time with respect to personal jurisdiction over Madison. (CPLR 3211, subd. [e]; Wahrhaftig v. Space Design Group, 29 A D 2d 699; Incorporated Vil. of Laurel Hollow v. Laverne, 43 Misc 2d 248; Casden v. Broadlake Corp., 47 Misc 2d 847; cf. Brodsky v. Spencer, 53 Misc 2d 4; and the 1968 Supplementary Practice Commentary to CPLR 3211 by Prof. Siegel, 7B McKinney’s CPLR, 1969-1970 Pocket Part, p. 181.) Defendants’ request that the motion be regarded as for summary judgment would seem to overcome the objection, even if Wahrhaftig’s literal reading of CPLR 3211 (subd. [e]) be deemed controlling.
However, it is not necessary to dispose of the motion on this narrow jurisdictional ground.
This court does not have subject matter jurisdiction over the causes of action alleged. Relief with respect to a judgment and its enforcement is to be obtained in the court which rendered the judgment. Even in the New York State Supreme Court, the courts of one county will not act with respect to the correction of judgments obtained and entered in another county, nor the satisfaction of such judgments. (Baldwin Kitchen Cabinet Corp. v. Artz, 15 A D 2d 560; Matter of Magraw, 285 App. Div. 1055.) The attorneys for the plaintiff argue, without citing any authority, that this court has jurisdiction respecting a Federal court judgment and that plaintiff cannot obtain the requisite relief in the Federal court in which the judgment was entered because both parties are alien corporations, and the amount in dispute is less than $10,000, the jurisdictional minimum in the Federal court.
Defendants argue to the contrary, also without citing-authority. This is another case in which both sides make sweeping assertions of the state of the law, without supporting authority.
Subdivision (b) of rule 60 of the Federal Rules of Civil Procedure expressly provides for a motion to “ relieve a party or his legal representative from a final judgment ’ ’ for a number of reasons, including “ (5) the judgment, has been satisfied, *1031 released or discharged * * * or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment * * * or to set aside a judgment for fraud upon the court.”
The necessity for diversity of citizenship or other independent ground of jurisdiction is dispensed with on such motion or independent action, since the proceeding is ancillary to the main action (Pacific R. R. Co. v. Missouri Pacific R. R. Co., 111 U. S. 505; Krippendorf v. Hyde, 110 U. S. 276; Central Nat. Bank v. Stevens, 169 U. S. 432; Mayor v. Lord, 9 Wall. [76 U. S.] 409). The proper remedy under the circumstances of this case is by motion in the Federal court in which the judgment was obtained. Had the judgment been obtained in the New York courts, such procedure would be mandatory. (Tomasello v. Friedman, 57 Misc 2d 817.) The power of a court to correct its own judgments is inherent (Pacific R. R. Co. v. Missouri Pacific R. R. Co., supra; Krippendorf v. Hyde, supra; Ladd v. Stevenson, 112 N. Y. 325.) If the procedure sought to be utilized by the plaintiff in this action were permitted, there would never be an end to litigation on ¡the same matter. (Tomasello v. Friedman, supra).
It does not clearly appear from the papers whether the payments allegedly made by plaintiff were before or after the default judgment was entered in the Federal action. From plaintiff’s version of the facts, it appears some of the payments were made before judgment. On this version, the judgment was improperly entered. Belief is obtainable in the Federal court. If the payments were made after entry of the judgment and the vice was in the Federal Marshal’s execution, the Federal rule still affords a basis for relief in that court. In either event, there is no basis for jurisdiction in this court.
In no event is a cause of action stated against defendant attorneys. The judgment having been entered in 1962 and this action having been instituted in 1968, the attorneys no longer have authority to execute a satisfaction piece. Under CPLR 5020 (subd. [b]) the power of the attorneys to do so expired two years after entry of judgment, or, at best for plaintiff, five years, if the 1969 amendment applies. Under General Rule 15 of the United States District Court for the Southern District of New York, the attorney’s authority terminated two years after entry of the judgment.
*1032 Insofar as the complaint seeks recovery against the defendant attorneys for money had and received, the papers establish that the attorneys received no moneys except that they transmitted to their client the moneys received from the United States Marshal under the execution. An action for money had and received lies only against one who has actually received and retained or used funds to which plaintiff is entitled. (Phoenix Bridge Co. v. New Jersey Steel & Iron Co., 30 App. Div. 614; Credit Alliance Corp. v. Sheridan Theatre Co., 241 N. Y. 216.) No cause of action is stated against defendant attorneys.
Accordingly, whether the motion be deemed a motion to dismiss under CPLR 3211 (subd. [a]) or a motion for summary judgment, it must be and hereby is in all respects granted.