No. 95-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CONSTANCE M. SHULTZ,

      Plaintiff and Appellant,

  v.

BERTON M. SHULTZ,

      Defendant and Respondent.

FILED

JAN 09 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Terry Wallace, Missoula, Montana

      For Respondent:

      Matthew H. O'Neill, French, Mercer, Grainey &
      O'Neill, Polson, Montana

Submitted on Briefs:  December 14, 1995

Decided:  January 9, 1996

Filed:

_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Constance M. Shultz (Constance) appeals the order of the Fourth Judicial District Court, Missoula County, granting the motion of Respondent Berton M. Shultz (Berton) to change the venue of this action from Missoula County to Lake County.

Affirmed.

Constance and Berton were married in 1973 and divorced in 1991. As part of their dissolution, the parties executed a settlement agreement addressing the issues of child custody, support, and division of marital property. The Twentieth Judicial District Court, Lake County, granted the divorce and issued a decree incorporating the settlement agreement.

On April 17, 1995, Constance filed suit in the Fourth Judicial District Court, Missoula County, seeking to set aside the judgment and settlement agreement on the basis of fraud, misrepresentation, and undue influence. Berton moved the Missoula District Court to change the venue of the action from Missoula County to Lake County. The Missoula District Court granted the motion, holding that Constance's suit attempted to collaterally attack a Lake County judgment, and that, therefore, the proper venue was Lake County. Constance appeals the change of venue.

The sole issue on appeal is whether the Missoula District Court erred in granting Berton's motion to change the venue of the action.

A district court must change the venue of an action if the county designated in the complaint is not the proper venue. Section 25-2-201(1), MCA. The determination of proper venue is a legal conclusion, and this Court reviews a district court's conclusion regarding venue to determine whether it is correct. State ex rel. D.H.E.S. v. Pegasus Gold Corp. (1995), 270 Mont. 32, 35, 889 P.2d 1197, 1199 (citations omitted).

Constance requested that the Missoula District Court set aside the Lake County judgment (which incorporated the property settlement agreement) and subsequently reapportion the marital property. Her original complaint did not clearly state what legal theory she invoked to justify such a request. In her appeal brief, however, she clarifies that her complaint arises under Rule 60(b), M.R.Civ.P., which sets out under what circumstances a valid judgment may be set aside.

In arguing that venue is properly in Missoula, Constance cites the statute which establishes appropriate venue for contract actions, § 25-2-121, MCA. In the alternative, she cites the statute which establishes appropriate venue for family law cases, § 25-2-118(3), MCA. She contends that both statutes dictate that the proper venue for this action is Missoula County. For his part, Berton contends that Constance's complaint alleges a tort, and cites the statute which establishes appropriate venue for torts,

3

§ 25-2-122, MCA, to support his argument that venue is properly in Lake County.

Both parties have lost sight of the issue in this case. Constance wishes to set aside a settlement agreement which was incorporated into a Lake County final judgment. She cannot challenge the validity of the settlement agreement unless and until the final judgment is set aside. Therefore, the sole question before the District Court at the time it made its ruling was: Which court should decide whether the final judgment may be reopened?

Whether a final judgment should be set aside is a legal determination. Falcon v. Faulkner (Mont. 1995), 903 P.2d 197, 52 St.Rep. 1011. It does not arise from family law, contract, or tort. Accordingly the venue statutes which govern family law, contracts, and torts are inapplicable in this case.

Rule 60(b), M.R.Civ.P., does not specifically state that the proper venue of an action to set aside a judgment is the county in which the judgment was entered. But neither does the Rule contemplate venue being elsewhere. Constance cites no statute, case, or other authority to support her contention that venue for an action arising under Rule 60(b), M.R.Civ.P., is properly in a county other than that in which the judgment was entered. Instead, she contends that her action is an independent one, totally separate from the judgment itself.

We will grant that her suit is new and independent; indeed, since the underlying judgment is final and the divorce case closed,

4

it could not be otherwise.  This does not mean, however, that her case will be considered without regard to the earlier judgment.  That would be impossible.  She seeks to reopen a final judgment; therefore, the existing final judgment is the very basis for her claim.  Her contention that this new case bears no relation to the old one is altogether insupportable.

Since the judgment Constance seeks to set aside was entered in the Twentieth Judicial District Court, Lake County, we find no error in the Missoula District Court's determination that venue is properly in Lake County.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

5

Justice James C. Nelson specially concurs.

While I agree with the result of our decision in this case, I do not agree that our reasoning provides sufficient legal support for the conclusion which we reach.

As our opinion points out and, as Constance states in her opening brief, her action was brought under the residuary clause of Rule 60(b), M.R.Civ.P. That part of the Rule provides:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

This case, thus, raises the question: Which county is proper venue for an independent action to set aside a judgment pursuant to Rule 60(b), M.R.Civ.P.? As our opinion states, the Rule itself does not address this question one way or the other.

Moreover, it appears there are no Montana cases and little other case law directly on point. The New Mexico Supreme Court addressed this issue in **Hort** v. General Elec. Co., and stated that an action brought under the residuary clause of Rule 60(b), "may be brought in the court that rendered the original judgment, in another court, or by collateral attack in any proceeding in which the validity of the judgment was in issue." Hort v. General Elec. co. (N.M. 1978), 588 P.2d 560, 562 (citing 7 Moore's Federal Practice, ¶ 60.25[3], pp. 311-12 (1978)). However, to the contrary, See Banco Do Brasil v. Madison Steamship Corp. (1970), 61 Misc.2d 1028, **307** N.Y.S.2d 341, 345, wherein the appellate court

stated that "the courts of one county will not act with respect to the correction of judgments obtained and entered in another county, nor the satisfaction of such judgments."

While we have not heretofore directly addressed this issue we have, nevertheless, stated that independent actions seeking relief from judgment brought pursuant to the residuary clause of Rule 60(b), are suits in equity. Brown v. Jensen (1988), 231 Mont. 340, 345, 753 P.2d 870, 874 (citing Selway v. Burns (1967), 150 Mont. 1, 8, 429 P.2d 640, 644, and Bullard v. Zimmerman (1930), 88 Mont. 271, 277, 292 P. 730, 732).

Thus, inasmuch as Constance's independent action under Rule 60(b) is a suit in equity, it follows that venue is not properly determined under either § 25-2-121, MCA, (venue for contract actions) or § 25-2-122, MCA, (venue for tort actions). Moreover, since her action was not brought pursuant to Title 40, Chapter 4, MCA, the venue provisions of § 25-2-118(3), MCA, are not applicable either.

Accordingly, since no other specific venue statute is applicable to Constance's cause of action and inasmuch as the defendant, Berton, resides in the state of Montana, venue is properly determined, by default, pursuant to § 25-2-118(1), MCA. That subsection of the statute provides that "the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action."

This conclusion that § 25-2-118(1), MCA, is the proper venue statute for an independent action in equity under Rule 60(b), is

7

also supported by our prior case law. In *Great Northern Railway Co. v. Hatch*, we stated that "[i]n the absence of a constitutional or statutory provision to the contrary, all equitable *actions or suits are properly triable in the county in which the defendants, or any of them, reside.*" *Great Northern Railway Co. v. Hatch* (1934), 98 Mont. 269, 277, 38 P.2d 976, 979 (citing § 9096, Rev. Codes 1921 (the predecessor to § 28-2-118(1), MCA) and *McKinney v. Mires* (1933), 95 Mont. 191, 198, 26 P.2d 169, 172) (emphasis added).

Accordingly, I conclude that the proper place for the trial of Constance's independent action to set aside or vacate the judgment in the prior dissolution action brought under the residuary clause of Rule 60(b), M.R.Civ.P., being a suit in equity and in the absence of any specific statutory venue provisions to the contrary, is in the county in which the defendant, Berton, resided at the commencement of her action. Since Berton resided in Lake County, that county is the proper place for trial of Constance's independent action, and the District Court's order granting Berton's motion to change the place of trial from Missoula County to Lake County must be affirmed.

_____
Justice

Justice Karla M. Gray concurs in the foregoing special concurrence.

_____
Justice

8